[No. 15640. Department Two. April 22, 1920.]

SEGRID HENRICKSON, *Respondent*, v. C. J. SMITH *et al.,*
*Appellants.*[1]

HUSBAND AND WIFE (80, 84)—COMMUNITY PROPERTY—DEBTS CON-
TRACTED BY HUSBAND—ORDINARY BUSINESS—PRESUMPTIONS—WRONG-
FUL ACTS. A client's action against an attorney and his wife to re-
cover of the community a sum collected by the attorney and wrong-
fully withheld, is not for a tort for which the attorney alone would
be liable; the presumption being that the ordinary business of the
husband was community business and the complaint need not nega-
tive the exceptions to the rule.

SAME (88) — COMMUNITY PROPERTY — ACTIONS — PARTIES. In a
client's action against an attorney and his wife, seeking a judgment
against the community for moneys collected and wrongfully with-
held, the wife is a proper party defendant.

SET-OFF AND COUNTERCLAIM (12)—SUBJECT MATTER—CAUSES OF
ACTION ON OTHER AND DISTINCT TRANSACTION. In a client's action
against an attorney to recover money collected and wrongfully with-
held, a counterclaim for libel in making complaint against the at-
torney to the grievance commitee of the bar association does not
arise out of the transactions set forth in the complaint, within the
requirement of Rem. Code, § 265.

TRIAL (63)—TAKING CASE FROM JURY—POWER OF COURT. A ver-
dict cannot be directed because the evidence is overwhelming on one
side, if there was a substantial dispute in the evidence on a ma-
terial issue, the limit of power being to grant a new trial.

APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL. After two
jury trials, in which a particular issue was emphasized and twice
decided the same way, it is not an abuse of discretion to refuse a
new trial for insufficiency of the evidence, however strongly the
verdict appears to be contrary to the evidence.

HUSBAND AND WIFE (94)—ACTIONS—JUDGMENT—AGAINST COM-
MUNITY. A judgment against S and against the community com-
posed of S and his wife "and each of them" is not a personal judg-
ment against the wife or a charge against her separate estate.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered June 26, 1919, upon

[1] Reported in 189 Pac. 550.

the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*C. J. Smith* and *Griffin & Griffin,* for appellants.
*Robert D. Hamlin,* for respondent.

FULLERTON, J.—The respondent, Segrid Henrickson, brought this action against the appellants, C. J. Smith and Hilda M. Smith, to recover the sum of $870 which she claims the appellant C. J. Smith, in his capacity as her attorney, collected for her use and did not account. In her complaint she alleged, in substance, that the appellants are husband and wife and as such form a marital community under the laws of the state of Washington; that the appellant C. J. Smith is an attorney at law, duly licensed to practice in the courts of the state of Washington; that, on November 7, 1916, she was struck by an automobile operated by one George O'Reilley, and sustained an injury to her person; that she employed the appellant C. J. Smith to act as her attorney in the prosecution of her claim against O'Reilley, no terms of employment being agreed upon; that the appellant accepted such employment and thereafter brought an action against O'Reilley, which action, after issue joined, was compromised, settled and dismissed without trial, O'Reilley paying to the appellant C. J. Smith, for her use and benefit, the sum of $1,400; that of this sum the appellant paid on her account a physician's bill in the sum of $175, hospital charges in the sum of $100, and court costs in the sum of $5; that his services as attorney in her behalf were reasonably worth the sum of $250, but no more; that the appellants have retained all of the sum so collected, save such as he has paid as before stated, and claims that the respondent is entitled to receive of the sum collected $395 thereof. She then

alleges that there is due and owing to her from the appellant C. J. Smith, and.from the marital community composed of C. J. Smith and Hilda M. Smith, the sum of $870, in which sum she demands judgment.

The appellants appeared separately, in response to process served upon them, and demurred to the complaint on the grounds that there was a defect of parties defendant, and that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were overruled, whereupon the appellants filed separate answers to the complaint. The appellant C. J. Smith, after certain denials, set up three affirmative defenses. The first was a claim for services performed and money loaned to the respondent, disconnected with the transaction for which she sues, on which there was due him the sum of $51.50. In the second defense he set out his version of the transaction out of which the present action arises. He alleged that, after the respondent was injured by the automobile, he visited her at her request and then agreed orally with her to investigate the matter and ascertain whether in his judgment a collectible judgment could be obtained; agreeing, further, that, in the event an action should be brought and a recovery had, he would charge her as a fee for his services fifty per centum of the amount of the recovery. That he did investigate the matters and concluded to bring the action, and thereupon reduced the oral contract of employment to writing, which the respondent executed in the presence of two witnesses. He then alleges the commencement of the action, its settlement by the payment by the defendants therein of the sum of $1,400, and that out of this sum he was entitled to deduct the agreed fee, the sums he had paid for the respondent's use, the respondent's indebtedness to him, and the costs of

the action, which left a balance in favor of the respond-ent in the sum of $425.

The third affirmative defense is a counterclaim in damages for the sum of $3,035.20 for libel. He alleges that, after the settlement of the action he had insti-tuted for the respondent, and the difficulty had arisen between them, the respondent made complaint to the grievance committee of the Seattle Bar Association of his conduct with reference to the case,

"Thereby publishing that the defendant had com-mitted a breach against the laws of the state of Wash-ington, and particularly to have committed the crime of barratry;"

averring that the charges were false and libelous, were so found to be by the committee named, and that, by reason thereof, he had been damaged in the sum named.

The answer of the appellant Hilda M. Smith was in substance a general denial.

A reply was filed, denying in substance the first and second of the affirmative defenses, and a denial of the allegations of injury caused by the filing of the charges. To the latter were pleaded also the affirma-tive defenses that the charge was filed in good faith and was therefore privileged, and that it did not arise out of the transaction which gave rise to the subject-matter of her cause of action.

The action was twice tried by jury, and resulted in both instances in verdicts according to the demand of the complaint. The first verdict was set aside by the trial court because it believed it contrary to the evi-dence. On the second, a judgment was entered, and is the judgment from which the present appeal is prosecuted.

It is first assigned that the court erred in overruling the demurrers to the complaint. It is argued that the delinquency charged against the appellant C. J. Smith

constitutes a tort for which he alone is liable, unless it was committed in the conduct of the community business, or in business conducted for its benefit, of which there is no allegation in the complaint. But we cannot concur in this view of the pleadings. The complaint sets forth a tort perhaps in the sense that all breaches of contract are torts, but the matter alleged does not constitute a tort in the ordinary sense of that term. It shows merely a breach of duty in a business conducted by the husband. The fact that marital relation exists, and the further fact that the business conducted by the husband is his ordinary business, raises at once the presumption that the business is a community business. The presumption has the force of fact, and can be overcome only by countervailing allegations and proofs presented by the party who would dispute the presumption. It is not necessary that the pleader, claiming under the general rule, negative the exceptions thereto which could exist.

It is next assigned that the court erred in refusing to sustain the motion for nonsuit interposed on behalf of the appellant Hilda M. Smith. The correctness of this ruling depends upon the principle just discussed. The evidence was perhaps somewhat broader than the allegations of the complaint, since it showed, in addition to the existence of a marital relation between the appellants and that the business of the appellant husband was the practice of the law, that the appellant wife sometimes assisted him therein. But to prove the facts set forth in the complaint was sufficient to authorize the submission of the cause to the jury. As we say, these facts raised a presumption that the business was a community business, and there was no evidence contrary to the presumption. It is true that no judgment was sought against the wife personally. But

judgment was sought against the community, and the wife is always a proper party in such a case.

The third assignment is that the court erred in rejecting evidence offered to substantiate the matter alleged in the third affirmative defense. But the action of the court was properly sustained on the ground that facts pleaded were not a proper subject of counterclaim. The code (§ 265, Rem.) permits counterclaims to be set up in answer only where the cause of action sought to be counterclaimed arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or where it is connected with the subject of the action, or where the action is one on contract and the cause of action sought to be set forth also arises on contract and exists at commencement of the action. It is plain, we think, that these provisions do not include the cause of action here presented as a counterclaim. While the transaction set forth in the complaint as the foundation of the respondent's cause of action may have been the cause for making the complaint before the grievance committee of the bar association, yet such complaint was in no manner connected, either in law or fact, with that transaction. It was independent of it, and any cause of action arising therefrom must likewise be so independent. It is hardly necessary to add that the remaining provisions of the code furnish no foundation for the attempted counterclaim. There was no connection between the facts set forth as a counterclaim and the transaction set forth in the complaint, within the meaning of the code, nor did the cause of action set forth arise on contract.

The fourth assignment is that the court erred in refusing to direct a verdict for the appellants and in refusing to grant their motion for judgment notwithstanding the verdict. The principal controversy be-

tween the parties was over the question whether there
was a contract between the appellant C. J. Smith and
the respondent as to the fee Smith was to receive for
his services.  On this issue Smith not only testified
to an oral agreement entered into at the time he was
first employed, but produced a writing setting forth
such an agreement purporting to bear the signature
of the respondent.  He also produced two witnesses
whose signatures appear as witnesses to the purported
signature of the respondent on the written instrument,
and who testified that the respondent signed the in-
strument in their presence.  On the other side was
the testimony of the respondent alone.  She testified
that there was no agreement as to compensation be-
tween herself and the appellant C. J. Smith, and that
she did not sign the paper which purports to bear her
name.  Based on this condition of the record, the ap-
pellants argue that the evidence is so overwhelming
on their side as to require the court either to direct a
verdict in their favor or to enter a judgment for them
against the adverse verdict of the jury.  But the rule
is not such as this argument implies.  By an express
provision of the constitution of the state, and by the
general laws, a litigant has the absolute right to have
disputed questions of fact submitted to the determina-
tion of a jury.  The appellate court, as well as the trial
court, has power to see that such questions are prop-
erly submitted to the jury, and it is within the power
of the trial court to set aside a verdict which he is
convinced is contrary to the evidence and submit the
disputed question to another jury.  But this is the
limit of the power.  Judges of courts cannot, with-
out violating the fundamental law, substitute their
opinions, on disputed questions of fact, for the opinion
of juries, and enter judgment contrary to verdicts of
such juries.  So here, since there was a substantial

dispute in the evidence on a matter material to the inquiry, the court did not err in refusing to direct a verdict for the appellants, or in refusing to grant judgment in their favor notwithstanding the verdict.

In this connection it is argued that the court abused its discretion in refusing to grant a new trial. But there have been two trials of the cause, in each of which the jury has found against the appellants. In each of the trials the particular issue was emphasized, and it is to the interest of the public that there be an end to particular litigation. However strongly, therefore, we may believe the verdict to be contrary to the evidence, we cannot say that the trial court erred in the ruling.

The other assignments relate to the admission of certain testimony and to the court's charge to the jury, but these require no extended discussion. The evidence complained of, even if it could be said to be immaterial, was not prejudicial, and the court's charge generally was as favorable to the appellant as the evidence warranted.

Lastly, it is claimed that the judgment entered was a personal judgment against the appellant Hilda M. Smith. The judgment was in the following form:

". . . the court, being fully advised in the premises, doth order, adjudge and decree that the plaintiff do have and recover of and from the defendant, C. J. Smith, and of and from the community composed of the defendants, C. J. Smith and Hilda M. Smith, his wife, and each of them, the sum of Eight Hundred Thirty-six ($836) Dollars together with interest thereon at the rate of 6% per annum from November 15, 1917, until paid, together with the costs and disbursements of the plaintiff herein to be taxed according to law, and that execution issue upon said judgment."

This, we are clear, is a personal judgment against C. J. Smith and against the community composed of C. J. Smith and Hilda M. Smith, and not a judgment on which the separate property of Hilda M. Smith can be held. The objectionable clause, from the appellant's point of view, is found in the phrase "and each of them," following the individual names of the appellants. But plainly this refers to the "community composed of the defendants," and not to the defendants severally.

The judgment is affirmed.

MOUNT, TOLMAN, and BRIDGES, JJ., concur.