## CITY BANK FARMERS TRUST CO., to Use of BEHRENS, v. LIGGETT SPRING & AXLE CO.
### Civil Action No. 3234.

District Court, W. D. Pennsylvania.

Feb. 21, 1945.

Thomas E. Whitten, of Pittsburgh, Pa., for plaintiff.

Clarence. O. Devore, of Monongahela, Pa., and Alex. A. Garroway (of Campbell, Wick, Houck & Thomas), all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is before us on defendant's motion for judgment upon the pleadings. The first reason assigned by defendant in support of its motion is that the complaint does not show any title in the plaintiff to that which is sued for.

In the complaint it is averred that the City Bank Farmers Trust Company, trustee for the estate of William G. Park, deceased, entered into an agreement with Henry Behrens, the plaintiff, whereby said bank transferred indebtedness of the defendant in the amount of $728,496.09 to Gertrud Feuerring and Alfred Schwabacher; that by virtue of an agreement between Henry Behrens and Gertrud Feuerring and Alfred Schwabacher, dated November 12, 1941 (Exhibit 3), Behrens retained a 10% interest in the property and assets conveyed to Gertrud Feuerring and Alfred Schwabacher; that subsequently, he retained an interest in said property and assets of an additional 10%; and that by reason of the transfer and agreements, aforesaid, plaintiff was the owner in his own right of 20% of the total indebtedness, being the sum of $145,-699.22, the amount for which he brought action to recover, with interest.

The averments in the complaint, while they may be somewhat vague, are sufficient to show title in the plaintiff for that which he seeks to recover in this action.

Defendant, in its motion, sets up an affirmative defense; that under Exhibit 3, arbitration proceedings were held and a judgment was rendered in favor of the defendants in New York in an action in which Henry Behrens was the plaintiff and Gertrud Feuerring and Alfred Schwa-

bacher were the defendants. Defendant alleges that by virtue of the proceedings and judgment in the arbitration proceedings that plaintiff cannot recover, because said proceedings and judgment constituted an election of remedies, that it was res adjudicata against the plaintiff, and also, created an estoppel.

Rule 7(a) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides:

"There shall be a complaint and an answer; and there shall be a reply, if the answer contains a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

In United States v. Hole et al., D.C. D.Mont., Great Falls Div., 38 F.Supp. 600, at page 603, the case of Wyman v. Wyman, 9 Cir., 109 F.2d 473, 474, is quoted:

"When a party moves for judgment on the pleadings, he not only for the purposes of his motion admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations which have been denied by his adversary."

Rule 8 of the Rules of Civil Procedure, under its terms, makes the defense now being made by the defendants an affirmative defense, and Rule 8(d) provides that: "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." No reply to the answer was required or made in this case.

This contention of the defendant cannot be sustained because the answer of the defendant without a reply constitutes a denial. The averments of the answer, also, are too vague and indefinite to constitute an election of remedies, to create an estoppel or to make the decision in New York in the arbitration proceedings res adjudicata.

The motion for judgment on the pleadings by defendant must be refused.