## MISSION APPLIANCE CORPORATION v. AJAX THERMOSTATIC CONTROLS CO.

Civil Action No. 25066.

United States District Court
N. D. Ohio, E. D.

Sept. 8, 1948.

C. R. Berne, of Cleveland, Ohio, for plaintiff.

Gordon F. Basler, of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for breach of warranty. Plaintiff ordered some thermostats from defendant which plaintiff returned as unsatisfactory and for which plaintiff seeks a refund of the purchase price.

Defendant answered alleging that it had been agreed between the parties that any claims, such as here asserted by plaintiff, must be made within five days after receipt of the goods and that plaintiff did not present this claim within such period. Defendant also asserted a counterclaim for damages for breach of contract by plaintiff.

Plaintiff has filed a motion "for leave to reply to answer of defendant." Plaintiff says that defendant has set up an affirmative defense, in alleging that the parties had agreed that any claims respecting defective goods must be made within five days of delivery, and that plaintiff should be permitted to plead that the alleged five-day clause was not part of the subject contract.

Rule 7(a), Rules of Civil Procedure, 28 U.S.C.A., provides that:

"(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

There is no question but that plaintiff may reply to the counterclaim without leave of court.

Whether there is to be a reply to an answer is a matter for the discretion of the court and a reply will not be ordered unless there is a substantial reason therefor. Cyclopedia of Federal Procedure, V. 4, P. 364.

Rule 8(d), which has been termed an "automatic denial," eliminates the need of a reply and fully protects the rights of the plaintiff.

"Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive

pleading is required or permitted shall be taken as denied or avoided."

There appears no substantial reason for ordering a reply to the answer herein and the motion will be overruled.