**BRINICH v. READING CO. et al.**

**No. 8702.**

United States District Court
E. D. Pennsylvania.

Oct. 21, 1949.

was substituted for Fay Brinich as Administratrix. It is alleged that the decedent was fatally injured when, in the course of his duties as an employee of and on the premises of the Lohb Coal Company at Schuylkill Haven, Pennsylvania, he was thrown from a moving freight car which, it is further alleged, was in a defective condition in violation of the Safety Appliance Laws of the United States, 45 U.S.C.A. §§ 2–23 inclusive.

Both defendants filed answers to the amended complaint, each setting forth affirmative defenses under the headings of "Separate Defense and New Matter" and "New Matter" respectively. No reply was filed by the plaintiff, and defendants move for judgment on the pleadings under Rule 12(c) and for summary judgment under Rule 56(b). Federal Rules of Civil Procedure, 28 U.S.C.A. Their contention is that the facts set forth in the new matter pleaded, not having been denied by responsive pleading, are sufficient to ground their motions.

A motion for judgment on the pleadings must be sustained by the undisputed facts appearing in all the pleadings. See Moore's Federal Practice (2d Ed.) Sec. 12.15. Any allegations of the moving party which are denied must be taken as false. Art Metal Construction Co. v. Lehigh Structural Steel Co., 3 Cir., 116 F.2d 57. Under Rule 8(d), averments in a pleading to which no responsive pleading is required shall be taken as denied. And under Rule 7(a), a reply is mandatory only to a counterclaim denominated as such. Here the defendants have not pleaded counterclaims, but, on the contrary, have pleaded new matter and affirmative defenses. Therefore, no reply by the plaintiff was mandatory, and the facts alleged by defendants as "New Matter" and "Separate Defense" must be taken as denied. Consequently, material issues of fact are presented by the pleadings, precluding judgment thereon. Geist v. Prudential Ins. Co. of America, D.C., 35 F.Supp. 790; Lackawanna Beef Co. v. Adolf Gobel, Inc., D.C., 1 F.R.D. 538. Nor can summary

B. Nathaniel Richter, Philadelphia, Pa., for plaintiff.

Henry R. Heebner, Philadelphia, Pa., for defendant Reading Co.

George Henry Huft, Philadelphia, Pa., for defendant Delaware, L. & W. R. Co.

McGRANERY, District Judge.

This action was instituted by the plaintiff Fay Brinich as Administratrix of the Estate of Raymond Brinich, deceased, and in her own right as his widow, under the Act of the Assembly of Pennsylvania approved April 26, 1855, P.L. 309, 12 P.S. §§ 1602, 1603, known as the "Wrongful Death Act" and under the Act of the Assembly, approved July 2, 1937, P.L. 2755, 20 P.S. §§ 321 note, 772, known as the "Survival Act", for damages alleged to have been sustained by his estate and by her, as the result of the death on August 22, 1947 of plaintiff's decedent. Subsequent to the commencement of the action, Patricia Burns, having been appointed Administratrix D.B.N. of Raymond Brinich's estate,

judgment be awarded where there is a genuine issue of material fact. Rule 56(c).

However, plaintiffs have conceded that the defendant Delaware, Lackawanna & Western Railroad Company is relieved of liability under the applicable laws. Accordingly, summary judgment will be entered for that defendant, and the motions of the Reading Company for summary judgment and judgment on the pleadings will be denied.