**PREVEDEN**
v.
**CROATIAN FRATERNAL UNION OF AMERICA et al.**
Civ. No. 9044.

United States District Court,
W. D. Pennsylvania.
March 26, 1954.

James L. Bowman, Pittsburgh, Pa., for plaintiff.

Thomas R. Balaban (of Smith, Marion & Balaban), Waynesburg, Pa., for defendants.

MARSH, District Judge.

This is an action to recover damages for the alleged defamation of plaintiff's reputation by certain articles printed in "Zajednicar," the official newspaper of the corporate defendant. The defendants filed answers to the complaint. The Croatian Fraternal Union of America, hereafter referred to as the Union, set up in its answer seven separate defenses, the last of which asserts that at the time of the publication of the alleged libelous matter and at the time of the filing of his complaint, "the plaintiff was and still is a member of the Croatian Fraternal Union of America" and that one of the bylaws of the Union provides as follows:

"*Section 552* No member of the Union, nor his beneficiary or legal representative is authorized to institute or begin any legal proceedings or process against the Union or any of its lodges before exhausting all remedies as provided in the by-laws, such as petitioning and appealing to the bodies designated for this purpose."

The answer further avers that the plaintiff has not exhausted the remedies provided in the bylaws.

Subsequently, in August of 1952, the Union filed a motion for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc. 28 U.S.C., alleging that there is no genuine issue as to any material fact because the plaintiff has not controverted in any way the above quoted matter.

The motion was argued before the late Judge Stewart, and was under advisement at the time of his death. Counsel have stipulated that this court may decide the motion from the briefs without further oral argument.

The first question to be determined is whether or not the plaintiff was obliged to reply to the answer of the Union. Rule 7, F.R.C.P., provides:

"(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.*" (Emphasis added.)

A reading of the Union's seventh affirmative defense indicates that no counterclaim or cross-claim is asserted; therefore, plaintiff not only was not required to file a responsive pleading, but he could not have done so without leave of court. See Mission Appliance Corporation v. Ajax Thermostatic Controls Co., D.C.N.D.Ohio, E.D.1948, 8 F.R.D. 588; Beckstrom v. Coastwise Line, D.C. Alaska, 1953, 13 F.R.D. 480.

Rule 8(d) provides:

"Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

Since no repy to the Union's answer was required or permitted, the allegations contained therein must be taken as denied. Therefore, material issues of fact are presented by the pleadings and preclude an award of summary judgment under Rule 56(c). See Brinich v. Reading Co., D.C.E.D.Pa.1949, 9 F.R.D. 420.

The second question to be determined is whether the factual matters set forth in the affidavit attached to the motion for summary judgment shall be taken as true. It is to be observed that the plaintiff did not file opposing affidavits as provided for in Rule 56. It is our opinion, therefore, that the averments of fact contained in defendant's affidavit accompanying the motion should be taken as true. But notwithstanding, the motion must be denied. The Union's bylaws were made part of the affidavit. The general rule is that the provisions of the constitution and bylaws of a voluntary association become a part of the contract entered into by a member when he joins that association. It is also a general rule that in controversies between a member and the association, the remedies within the organization provided in the constitution and bylaws must be exhausted before appeal to the courts. In other words, the member should submit his grievances first to the tribunal of his own choice, which is to the interest of every member of the Union and society generally. See Sanderson v. Brotherhood of Railroad Trainmen, 1902, 204 Pa. 182, 53 A. 767; Lodge No. 19 Svete Ime Isusovo v. Svi Sveti, 1936, 323 Pa. 292, 185 A. 650; Bogadek v. Butkovic, 1939, 336 Pa. 284, 9 A.2d 388, and many other cases.

But a reading of the Union's bylaws indicates that they were meant to govern the internal affairs, discipline and policies of the corporation and its lodges, and especially claims on insurance policies issued to its members, and were not intended to apply to actions for defamation against the Union itself or its members. This conclusion is strengthened by the failure of the defendant to demonstrate that a remedy exists under the bylaws whereby a member could recover damages for the torts of the corporation or its officers. The extent of relief to which plaintiff would be entitled if he had pursued the "remedies" offered by the bylaws would be the doubtful satisfaction of having the defendant's officers subjected to a small fine, a reprimand, or expulsion from the Union. As for compensatory damages, none are provided against the Union itself or its officers.

We agree with plaintiff when he says "Although the Union may act as a tribunal to decide disputes between its members on questions of rights and privileges under the bylaws, it can hardly be deemed a tribunal to assess unliquidated damages against itself in an action of trespass" and we may add, or against its members in such an action.

Further, to pursue the remedies offered by the by-laws would be a vain and useless thing in a case such as this. It would be unreasonable to require plaintiff to ask the High Trial Board of the Union to assess damages against the Union itself for libels published by the defendant's official newspaper, and it would be just as useless to ask the High Trial Board to assess damages against the individual defendants.

These observations, we think, indicate that this case is an exception to the general rules set forth in the cases above cited which, in my opinion, patently deal with the internal affairs of the associations involved. I can find no appellate court case in Pennsylvania, nor has any been cited, which dealt with an action of damages for defamation, or any other tort, for that matter. The learned counsel for the defendant, however, has cited Antonoff v. United Russian Brotherhood, 91 Pittsburgh Legal Journal 287,

a defamation case in which the court reached a conclusion contrary to that which I reach in this opinion. But another Common Pleas Court of Pennsylvania, in construing a case where property rights were involved, held that it was proper to ignore the association's remedies. On this subject compare 19 R.C.L., Mutual Benefit Societies, §§ 38, 41, 42; 10 C.J.S., Beneficial Associations, § 65.

An order will be entered denying the motion for summary judgment.