425 F.2d 1084
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1968 FORD LTD 4 DOOR, SERIAL NO. 8G66Y185655, (Mrs. Inez
Eakes, Claimant), Defendant-Appellant.
 No. 28589 Summary Calendar.
 United States Court of Appeals, Fifth Circuit.
 April 24, 1970.
 
 Billy R. Covington, Meridian, Miss., for appellant.
 Robert E. Hauberg, U.S. Atty., Joseph E. Brown, Jr., Asst. U.S. Atty., Jackson, Miss., for appellee.
 Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit judges.
 PER CURIAM:
 
 
 1
 Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.
 
 
 2
 This is an automobile forfeiture case decided below by the District Court for the Southern District of Mississippi in favor of the Government. The sole question here on appeal is whether the District Court committed error when it granted the Government's motion for judgment n.o.v., forfeiting claimant's 1968 Ford LTD to the Government pursuant to the forfeiture provisions of the Internal Revenue Code, 26 U.S.C. 7302.
 
 
 3
 The facts show that the automobile in question was owned by the claimant, Mrs. Inez Eakes, and that during the night of October 17, 1968, it was employed in the following activity (as observed by four government agents at different times and places during that night):
 
 
 4
 It was first seen by an agent around 11:50 p.m. at a residence which was under surveillance because of a known still being operated in that vicinity. Approximately two and one-half hours later, the same agent observed the Ford pulling out of the driveway of the residence followed immediately by a 1959 Oldsmobile, the latter of which had been loaded with jugs of illegal liquor. A few minutes later, the two automobiles passed another agent who had been alerted as to their passing and who was waiting beside the road. This agent proceeded to follow the two automobiles and, after a short time, observed the headlights of the Oldsmobile blink twice to the driver of the Ford in front of it. The agent then turned on his red light and siren. At that time, the driver of the Ford reached his arm out of the window and signaled the Oldsmobile to pass, which it did and proceeded at a high rate of speed. Then the Ford swerved back and forth across the road preventing the agent from passing it and catching the Oldsmobile. Eventually, the agent did pass the Ford and catch the Oldsmobile, apprehending its driver and confiscating the illegal liquor. Another agent later caught up with the Ford and apprehended its two occupants.
 
 
 5
 The identification of the Ford by all four agents is unquestioned, as is the fact that the Oldsmobile was transporting unstamped, nontaxpaid liquor. The claimant (whose husband was the driver of the Ford) did not attempt to disprove any of these facts, stating only that she was at home asleep at the time of the alleged violation.
 
 
 6
 The law is clear that all that need be shown to work a forfeiture under 7302, supra, is that the property in question had been intentionally used as an 'active aid' in the violation of the internal revenue laws. United States v. General Motors Acceptance Corp., 5 Cir. 1956, 239 F.2d 102; United States v. One 1966 Ford LTD, 4-door Sedan, (M.D. Ga., 1967) 273 F.Supp. 1007, aff'd. in Bullock v. United States, 384 F.2d 747 (5 Cir., 1967). Whether property is so used may be decided as a matter of law '* * * if the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict * * *'. Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365, 374. See One 1966 Ford LTD, supra, in which the District Court granted a summary judgment on facts similar to these. It is obvious from the undisputed facts here that the Ford was being intentionally used as an 'active aid' to facilitate the escape of an automobile that was transporting illegal liquor.
 
 
 7
 We therefore affirm the District Court's finding that the Government proved forfeiture under 7302 by a preponderance of the evidence, notwithstanding the jury's verdict, and that as a matter of law the automobile in question was 'intended for use in violation of the internal revenue laws.'
 
 
 8
 Affirmed.