476 P.2d 538

John J. GARRETT and Ethel E. Garrett, husband and wife, Appellants,

v.

Leota SHANNON and Ruby P. Davis, Appellees.

No. I CA–CIV 1213.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 10, 1970.

Rehearing Denied Dec. 11, 1970.

Review Denied Jan. 26, 1971.

Wolfe, Rosen & Harris by David Neal Rosen, Phoenix, for appellants.

Gibbons, Kinney & Tipton by C. Richard Potts, Phoenix, for appellees.

HAIRE, Judge.

In this case the appellant-plaintiffs appeal from the trial court's granting of a motion for judgment on the pleadings and the resulting entry of judgment in favor of the defendant-wives that plaintiffs "take nothing by reason thereof against said defendants [wives] or the community estates existing by reason of the marriage of said defendants" to the defendant-husbands. During oral argument, counsel for both parties stated, in answer to questions from the Court, that no matters outside the pleadings were presented to the trial court in connection with the defendant-wives' motion. Therefore we must assume that the trial court granted the motion solely on the basis of the pleadings under Rule 12(c), Rules of Civil Procedure, 16 A.R.S.

The questions raised in the trial court relate to the liability of the separate property of the wife and the community property of the husband and wife for a tort allegedly committed by the husband. In addition to alleging the marital relationship of the defendant-parties, the complaint alleges that "on November 6, 1966, at about 5:30 p. m. on the premises of the Papago Golf Course, located in Papago Park, Phoenix, Arizona [the defendant husbands] did then and there unlawfully, maliciously, deliberately, wantonly and wrongfully assault, strike, beat, kick and bruise plaintiff * * *." The answer, filed by all of the defendants, admits that there was an altercation between the plaintiff-husband and the defendant-husbands, at the time and place alleged, and further alleges that the plaintiff-husband was the aggressor and that the defendant-husbands acted "only in self-defense of themselves and each other." The answer alleges as an affirmative defense that the defendant-husbands " * * * at said time and place, were not acting for and on behalf of the community estates of said defendants and

their wives above named, and that any claim of plaintiffs against said defendants is not a claim against the community estates of said defendants and their wives." On the basis of these pleadings, the defendant-wives filed their motion for judgment on the pleadings.

There were no allegations in the complaint that the defendant-wives were present at, or participated in, the alleged altercation, and on this appeal no contention is raised that the separate property of the defendant-wives would be liable on any judgment which the plaintiffs might recover. The only questions raised relate to the provision in the judgment which completely exempts the community estates of the defendant-husbands and wives from liability for the alleged tort.

The law is settled in Arizona that the community property of both spouses may be liable for an intentional tort committed by one of the spouses where the intent and purpose of the activity leading to the commission of the tort was to benefit the community interests. Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773 (1957); and McFadden v. Watson, 51 Ariz. 110, 74 P. 2d 1181 (1938).

The precise issue here involved is the extent of the pleading burden of a plaintiff who seeks to hold the community property liable for such a tort committed by one of the spouses. In situations involving a contract debt or other contractual obligation, it is well established by many Arizona decisions that if such debt or contractual obligation was incurred during coverture, it is presumed to be a community debt. Donato v. Fishburn, 90 Ariz. 210, 367 P.2d 245 (1961); Fox v. Weissbach, 76 Ariz. 91, 259 P.2d 258 (1953); Rundle v. Winters, 38 Ariz. 239, 298 P. 929 (1931): and Cosper v. Valley Bank, 28 Ariz. 373, 237 P. 175 (1925). This presumption is undoubtedly based upon the provisions of A.R.S. §§ 25–211, subsec. B and 25–216, subsec. B which deal with the authority of the husband to dispose of community personalty and to contract for community

debts. In view of this presumption, when suing on such a debt or contractual obligation, the plaintiff need not plead the facts and circumstances showing the liability of the community property. Rather, the other party must plead the facts which would overcome the presumption. *See* Hendrickson v. Smith, 111 Wash. 82, 189 P. 550 (1920). However, when liability is asserted based upon a tort committed by one of the spouses, we see no reason for such a presumption, and find no Arizona decision which holds that the presumption is available in a tort action. In McFadden v. Watson, 51 Ariz. 110, 74 P.2d 1181 (1938), a case involving the question of whether the community property would be liable for libel and slander committed by the defendant-husband, the Arizona Supreme Court cited Cosper v. Valley Bank, *supra*, and reiterated that any debt incurred during coverture is presumed to be a community debt, and that the burden was upon those asserting to the contrary to prove their contention. However, we do not think that by citing Cosper the Arizona Supreme Court intended to infer that the presumption was available in tort cases, since it did not further discuss the presumption, but rather, proceeded to examine the evidence to see if it affirmatively showed that the tort was committed on behalf of and for the benefit of the community. The only cases which we have found expressly dealing with the availability of such presumption in a tort action hold that it is not available. *See* Killingsworth v. Keen, 89 Wash. 597, 154 P. 1096 (1916); and Martin v. Brown, 117 So.2d 665 (La.App.2d Cir. 1960). These cases do not provide any definitive answer insofar as concerns the application of Arizona law, since both decisions are based upon the peculiarities of the particular statutes and prior case law relating to the community property system of the jurisdictions involved. These cases do, however, provide an indication of a disposition by the courts to treat differently the questions of tort and contractual liability insofar as concerns presumptions and burdens of proof. However, we are not required to decide this question in this case, since the defect, if any, in plaintiffs' complaint has been cured by the pleadings filed by defendants.

We have already stated above that the plaintiffs in their complaint did not state any detailed facts showing the circumstances surrounding the altercation or any conclusory factual allegations which indicate community liability. In defendants' answer, the defendants alleged as an affirmative defense that the defendant-husband were not acting for and on behalf of the community estates of the defendants and that any claim of the plaintiffs against the defendants was not a claim against the community estates of said defendants and their wives. Rule 8(e), Rules of Civil Procedure, 16 A.R.S., provides that "averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Under the provisions of Rule 8(e), these allegations must be taken as denied by the plaintiffs and thus placed in issue. The material issue thus raised under Rule 8(e) prevents the granting of a motion for judgment on the pleadings under Rule 12 (c). *See* 5 C. Wright and A. Miller, Federal Practice and Procedure § 1368, at 695 (1969); Brinich v. Reading Co., 9 F.R.D. 420 (E.D.Pa.1949); and City Bank Farmers Trust Co., to Use of Behrens, v. Liggett Spring & Axle Co., 4 F.R.D. 254 (W. D.Pa.1945). As stated by the court in Brinich, *supra*:

"Any allegations of the moving party which are denied must be taken as false. * * * Under Rule 8(d), averments in a pleading to which no responsive pleading is required shall be taken as denied. And under Rule 7(a), a reply is mandatory only to a counterclaim denominated as such. Here the defendants have not pleaded counterclaims, but, on the contrary, have pleaded new matter and affirmative defenses. Therefore, no reply by the plaintiff was mandatory, and the facts alleged by defendants as 'New Matter' and 'Separate Defense',

the pleadings, precluding judgment there- material issues of fact are presented by must be taken as denied. Consequently, on." (9 F.R.D. at 421).

Inasmuch as under the pleadings an issue was raised as to the community property liability for the alleged tort of the defendant-husbands, judgment on the pleadings is not a proper remedy and plaintiffs must be given an opportunity to show the facts and circumstances surrounding the alleged tort in order that a determination may be made as to the liability of the community property.

The judgment is reversed and the matter remanded for further proceedings not inconsistent with this opinion.

EUBANK, P. J., and JACOBSON, J., concur.