684 P.2d 169

**Thomas B. RICHEY and Barbara J. Richey, husband and wife, Plaintiffs/Appellants,**

**v.**

**WESTERN PACIFIC DEVELOPMENT CORPORATION, a corporation; William R. Eddins and Janet Eddins, husband and wife; and Michael G. Wystrach and Grace Wystrach, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 5005.**

Court of Appeals of Arizona, Division 2.

May 17, 1984.

King & Frisch, P.C. by James C. Frisch, Tucson, for plaintiffs/appellants.

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr. and Jonathan Rothschild, Tucson, for defendants/appellees.

OPINION

HATHAWAY, Judge.

Appellees were granted summary judgment on their amended counterclaim charging appellants with wrongful filing of a lis pendens.

The undisputed facts disclose that appellants brought suit to collect a real estate commission from appellees, and on November 30, 1983, summary judgment was entered in appellants' favor and against Western Pacific for the underlying commission in the amount of $8,000. Shortly after commencing the lawsuit, appellants filed a lis pendens which gave notice of the lawsuit and stated that "[T]he Plaintiff is seeking to enforce rights which may affect title to the following described real property...." An exhibit was attached describing the property which was the subject property in their lawsuit to collect the real estate commission.

When the lis pendens was filed, Pioneer Trust Company, as trustee under Trust No. 11,423, held record title to the property for the benefit of the Barnhills, the original grantors, and Western Pacific, under a dual beneficiary trust. Within a month after recordation of the lis pendens, Western Pacific assigned its beneficial interest in the property to Park Tucson Ltd., a limited partnership, where Eddins and Wystrach were the general partners.

Approximately five months after the Park Tucson assignment, appellees' attorneys demanded by letter of December 13, 1982, the removal of the lis pendens. The letter provided:

"As I indicated to you on the phone Friday, December 10th, I have been advised of a Notice of Lis Pendens dated June 28, 1982, signed by yourself, as attorney for Thomas and Barbara J. Richey. This Notice of Lis Pendens says that 'The Plaintiff is seeking to enforce rights which may affect title to the following described real property' and you attached Exhibit 'A' to the Lis Pendens. I have reviewed your Complaint in this matter and you have not asked for nor

claimed any relief which would affect title to the real property described in Exhibit 'A' attached to your Lis Pendens. You indicated on the phone that you were aware of A.R.S. § 33–420 which not only provides damages for a willful filing of a Lis Pendens but makes it a misdemeanor. My clients are very upset about this wrongful filing of the Lis Pendens, and if it is not removed today it may have some very disasterous effects on several projects that they are working on involving that real property. In my opinion, your clients and yourself would be directly liable for any damage caused by the wrongful filing of the Lis Pendens. *I am hereby demanding that the Lis Pendens be removed immediately and without delay so that further action can be avoided.*" (Emphasis in original).

Thereafter, appellees counterclaimed for damages on the basis of A.R.S. § 33–420. Summary judgment was entered on appellees' counterclaim awarding $1,000 to appellees, Western Pacific, William Eddins, Janet Eddins, Michael Wystrach and Grace Wystrach. An award of $2,200 for attorney's fees was also given.

Issues presented on this appeal are: (1) Was A.R.S. § 33–420 intended to encompass lis pendens? (2) After a lis pendens is filed, can transferees of beneficial interests recover "strict" damages under A.R.S. § 33–420(A)? (3) Are "strict" damages under A.R.S. § 33–420(A) limited to $1,000? (4) Were attorneys fees properly awarded to appellees in this case?

We first consider whether A.R.S. § 33–420 encompasses lis pendens. "Lis pendens" means "a pending suit." Black's Law Dictionary, Rev. 4th ed. (1968), p. 1081. The recording of a lis pendens is authorized by A.R.S. § 12–1191.[1] The purpose of a lis pendens was stated in *Stewart v. Fahey*, 14 Ariz.App. 149, 481 P.2d 519 (1971), where the court quoted from *Brandt v. Scribner*, 13 Ariz. 169, 108 P. 491 (1910):

" 'The statute is obviously intended to make the recording of the *lis pendens* constructive notice of all that is claimed in the action regardless of whether such claims are sufficiently plead, in so far as their nature and extent are disclosed by the pleadings....' " 14 Ariz.App. at 151, 481 P.2d 519.

Thus, the statute authorizes the filing of a lis pendens in the office of the recorder where an action is involved "affecting title to real property." A lis pendens gives constructive notice to prospective purchasers or lenders that litigation is underway which affects title to the real property. Appellants' reliance on *Stewart v. Fahey*, supra, is misplaced. There, the lis pendens could not serve as the basis of an action for slander of title. Here, appellees are proceeding under a statute (added by Laws 1981) to collect damages when groundless documents regarding a claimed interest in land is filed. Appellants agree that the lis pendens statutes are designed to provide a better form of notice to one who may be

1. "§ 12–1191. Notice of pendency of action affecting title to real property; filing; constructive notice to purchaser or incumbrancer; release of notice of pendency of action; failure to issue release; penalty

A. In an action affecting title to real property, plaintiff at the time of filing the complaint, or thereafter, and defendant at the time of filing his pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense. The notice shall contain the names of the parties, the object of the action or affirmative defense, the relief demanded and a description of the property affected.

B. The recorder shall file the notice and record and index it in the names of the parties to the action, and thereafter a purchaser or incumbrancer of the property affected shall be held to have constructive notice of the pendency of the action and the claims therein made.

C. If a notice of pendency of action has been recorded pursuant to this section and the action is dismissed without prejudice for lack of prosecution, the plaintiff or plaintiffs of the action shall, within thirty days after such dismissal, issue to the defendant of the action a release of the notice of pendency of action. Such release shall be in the form of a recordable document. Failure to grant such release shall be subject to the penalties prescribed by § 33–712."

interested in a particular piece of property that it is involved in litigation. This is borne out in *Kelly v. Perry*, 111 Ariz. 382, 531 P.2d 139 (1975). They argue, however, that a lis pendens only give notice that a lawsuit has been filed "which affects the title to real property." They point out that prospective purchasers or encumbrancers may thereafter investigate any purported claim to an interest in the real property by searching the court records. A difficulty with appellants' position may arise in lawsuits which do not, at the time of investigation, reveal that it affects the title to real property, but which may thereafter be amended to disclose that, indeed, title to real property is affected by the litigation. It is admitted in the instant case that the lawsuit does not affect the title to real property.[2]

Liability under A.R.S. § 33–420 attaches when a groundless document purporting to claim an interest in real property is filed in the county recorder's office. The statute provides:

"§ 33–420. False documents; liability; special action; damages; violation; classification

A. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded or filed in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than one thousand dollars, or for treble the actual damages caused

[by] the recording or filing, whichever is greater, and reasonable attorney fees and costs of the action.

B. The owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court of the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions. This special action may be brought against a county recorder or any other recording official to compel him to remove a lien from the official records of the county based on the ground that the lien is forged, groundless, contains a material misstatement or false claim or is otherwise invalid. The owner or beneficial title holder may bring a separate special action to clear title to the real property or join such action with an action for damages as described in this section. In either case, the owner or beneficial title holder may recover reasonable attorney fees and costs of the action if he prevails.

C. A person named in a document which purports to create an interest in, or a lien or encumbrance against, real property who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for treble actual damages, reasonable attorney fees, and costs as provided in this section, if he wilfully refuses to release or correct such document of record within twenty days from the date of written request from the owner or beneficial title holder of the real property.

---

2. Appellants' concession that this is not the case is borne out rather clearly in Mr. Richey's deposition given on June 3, 1983, wherein the following was elicited:

"Q. (By Mr. Clark) I am not asking legal. I'm asking if you feel you had a claim that would effect [sic] title to the real property? A. No, I didn't feel I had a claim on the property at all.
Q. What do you feel like now? Do you feel like you have a claim against that property in some manner?

A. I feel I have a claim for the commissions I have asked for.
Q. A money claim?
A. A money claim.
"Q. But you don't have any claim that's going to effect [sic] title to that real property now, correct?

 * * * * * *

A. That's right."

D. A document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid.

E. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded or filed in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is guilty of a class 2 misdemeanor."

 A lis pendens states to the world that the claimant purports to have an interest in the real property and that litigation affecting that interest is underway. Appellants' admission that the litigation involved was not of the type affecting the title to the property covered in the lis pendens is, in effect, an acknowledgment that the lis pendens was groundless. Moreover, it is clear that the statement in the lis pendens that "[T]he Plaintiff is seeking to enforce rights which may affect title to the ... 'real property' " was groundless and a material misstatement pursuant to A.R.S. § 33–420(A). The only apparent reason for filing the lis pendens was to bring unwarranted pressure against appellees. The sham lis pendens was not authorized by legal authority and pursuant to A.R.S. § 33–420(D) is "presumed to be groundless and invalid." We find that a groundless lis pendens is included within the proscription of A.R.S. § 33–420. Were this not the rule, a groundless lis pendens could be filed with impunity in a simple money judgment action, or in any action where title to property is not actually affected. We believe the statute encompasses and proscribes such abuse.

 We next consider whether transferees of an interest in real property may recover under A.R.S. § 33–420. Appellants contend that the statute allows recovery only to "the *owner* or *beneficial title* holder." (Emphasis added) They argue that

the law, whenever possible, will give effect to all words used in the statute. *State v. Superior Court for Maricopa County,* 113 Ariz. 248, 550 P.2d 626 (1976). They point out that the word "owner" will expand or contract according to the subject matter to which it is applied. *City of Phoenix v. State of Arizona,* 60 Ariz. 369, 137 P.2d 783 (1943). They assert that the word "owner" has some meaning in the statute other than "beneficial title holder" and in the context of the statute "owner" means "record title holder." They also contend that "title" as used in "beneficial title holder" is significant in that it differentiates between beneficiaries who actually appear on the title and those who do not. Thus, they conclude, Pioneer Trust Company held record title and was "owner" and Western Pacific, the beneficiary appearing on the title at the time the lis pendens was filed, is the only one entitled to recover, if recovery is allowed. We agree. The clear language of A.R.S. § 33–420(A) provides that a violator "is liable to the owner or beneficial title holder ... for the sum of not less than one thousand dollars ...." The record discloses that Western Pacific Development Corporation was the only party in this lawsuit fitting that description at the time the lis pendens was filed, which we interpret to be the operative time in the statute. Hence, under this operative time frame, subsequent beneficial title owners/transferees would not accumulate as protectees under the statute. The damages awarded are reduced to the minimum one thousand dollars statutory damages. We need not decide whether multiple owners at the time of filing would each become entitled to the minimum one thousand dollars statutory damages.

 Appellants finally contend that since they voluntarily removed the lis pendens before any actual damages were done, the award of attorneys fees against them was improper. We disagree. The statute is not a model of clarity. In A.R.S. § 33–420(A) attorneys fees are authorized for a simple violation of the statute, and in paragraph C, reasonable attorney's fees and costs are provided, if upon written

request the false document is not withdrawn within twenty days. Appellees' position is that they are entitled to reasonable attorney's fees for the pursuit of their claim under A.R.S. § 33–420(A). We agree. Attorney's services were necessary to invoke the statute under the counterclaim and the summary judgment brought thereon. Paragraph A authorizes the minimum $1,000 statutory damages for a per se violation of the statute and reasonable attorneys fees and costs. Appellants' withdrawal of the lis pendens pursuant to paragraph C may have avoided treble actual damages, reasonable fees and costs, but viewing the sections in pari materia, *Trickel v. Rainbo Baking Company of Phoenix*, 100 Ariz. 222, 412 P.2d 852 (1966), we do not construe that paragraph to disallow the attorneys fees allowed in paragraph A.

In connection with appellants' contention that the appellees' counterclaim was made in bad faith, we find it to be without merit. Needless to say, the counterclaim brought at issue the sham lis pendens and invoked, to appellees' benefit, the statutory damages.

The judgment is modified to reduce the damages awarded from $5,000 to $1,000. The award of attorney's fees is affirmed. Appellees are awarded their attorney's fees and costs on appeal.

BIRDSALL, C.J., and HOWARD, J., concur.