768 P.2d 204

**Paul J. BIANCO, Peter F. Bianco, Florence M. Bianco, Joseph M. Bianco, and Annette G. Bianco, Plaintiffs/Appellees,**

v.

**Stephen F. PATTERSON and Carol Patterson, husband and wife, Defendants/Appellants.**

**No. 2 CA-CV 88-0140.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 26, 1989.

Gammage & Burnham by Michael R. King and Ellen C. Hoff, Phoenix, for plaintiffs/appellees.

Wright & Decker by Roger C. Decker and Ryan P. Dyches, Mesa, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's entry of partial summary judgment in an action arising from the filing of an allegedly groundless lis pendens. Appellants raise the following issues on appeal: (1) may the court impose liability under A.R.S. § 33–420(A) where notice is not given and where the recorded document has been released of record, and (2) may liability for a violation of A.R.S. § 33–420 be imposed on the marital community?

## FACTS

Appellant Stephen F. Patterson (Patterson) signed an agreement in December 1985 to purchase as his sole and separate property several parcels of real estate owned by the appellees Biancos. Under certain circumstances, the agreement provided that if the sale did not close, Biancos were to return to Patterson either the $200,000 earnest money deposit or a quit-claim deed to a specified 40–acre parcel of land. The sale did not close and the Biancos did not return either the earnest deposit or the quit claim deed. On July 2, 1986, Patterson individually filed a lawsuit asking for title to the 40 acres or $200,000. That action is still pending in Maricopa County. On March 16, 1987, Patterson had his attorney record a lis pendens against all the property listed in the December agreement. A letter demanding removal of the lis pendens was sent from Biancos' attorney to Patterson's attorney April 9, 1987. A letter releasing all but the 40 acres in the pending Maricopa County action was executed April 30, 1987. Before that release was recorded, Patterson himself recorded a second lis pendens on April 28, 1987, again against all the property in the December agreement. Patterson removed the second lis pendens on May 15, 1987, without notice or demand from Biancos.

Four amended contracts were drafted and dated April 12, 1986. They are completely different in content and scope than the December agreement. They describe the buyer as Stephen F. Patterson and Carol Patterson. They were signed by Carol Patterson only. Carol Patterson was unaware of the recording of either lis pendens.

## LIABILITY UNDER A.R.S. § 33–420

When the language of a statute is clear and unambiguous on its face, the courts will follow it as written. *Consolidated Roofing and Supply Co., Inc. v. Grimm,* 140 Ariz. 452, 682 P.2d 457 (App. 1984); *O'Malley Lumber Co. v. Riley,* 126 Ariz. 167, 613 P.2d 629 (App.1980). Words contained in the statute are to be given their ordinary meaning unless context suggests another meaning. A.R.S. § 1–213; *Consolidated Roofing,* supra.

Patterson argues that subsections (A) and (C) of A.R.S. § 33–420 set different standards of liability for the same class of potential defendants. He argues that where such serious sanctions as treble damages are involved, equal treatment should be afforded parties under either

subsection (A) or (C). This logically, he argues, means that the notice and grace period contained in subsection (C) should be read together as applying in subsection (A) as well.

A.R.S. § 33–420(A) and (C) provide:

A. A person purporting to claim an interest in, or lien or encumbrance against, real property, who causes a document ... to be recorded ... knowing or having reason to know that the document is ... groundless ... is liable to the owner ... for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording or filing, whichever is greater....

\* \* \* \* \* \*

C. A person named in the document which purports to create an interest in, or a lien or encumbrance against, real property who knows that the document is ... groundless ... shall be liable to the owner ... for the sum of not less than one thousand dollars or for treble actual damages, whichever is greater ... if he wilfully refuses to release ... such document of record within 20 days from the date of written request from the owner....

Recording a groundless lis pendens is within the statutory meaning of A.R.S. § 33–420. *Coventry Homes, Inc. v. Scottscom Partnership*, 155 Ariz. 215, 745 P.2d 962 (App.1987); *Richey v. Western Pacific Development Corp.*, 140 Ariz. 597, 684 P.2d 169 (App.1984);. Subsection (A) does provide a remedy for recording a groundless lis pendens, and it is distinct from that provided in subsection (C). *Morris v. Achen Construction Co., Inc.*, 155 Ariz. 507, 747 P.2d 1206 (App.1986), rev'd in part, vacated in part, 155 Ariz. 512, 747 P.2d 1211 (1987).

The parties referenced in each subsection are also distinct. Subsection (A) applies to persons purporting to claim an interest who cause a groundless document to be recorded. These persons have notice of the recording. Provided the other statutory requirements are met, liability attaches. Subsection (C) applies to those persons who are named in the document but have no knowledge that such a document had been recorded. Public policy concerns support strong sanctions against those who themselves, or at their request, cause groundless documents to be recorded. Those who have no knowledge that such a document has been recorded must be given proper notice and an opportunity to respond before sanctions can be imposed.

The record reflects, and there is no dispute, that Patterson either caused a lis pendens to be recorded or recorded it himself. By the terms of the December agreement, and as stated in Patterson's request for relief in the pending Maricopa County action, only the specified 40 acres could be the subject of a lis pendens, not all the property proposed in the December agreement. Therefore, the record supports the trial court's finding that both lis pendens filed against the entire 1,800 acres in the December agreement as opposed to the 40 acres subject to the quit-claim provision were groundless and that liability attaches under A.R.S. § 33–420(A). Neither notice nor a grace period was required to support the trial court's action. We affirm the finding of liability under subsection (A).

### LIABILITY OF THE MARITAL COMMUNITY

■ Patterson contends that the Biancos presented no evidence to support community liability. There is no dispute that the basis of the liability imposed is the lis pendens, not the original contract between the Biancos and Stephen Patterson. Therefore, Patterson's action raises liability for tortious conduct. There is no presumption of community liability where tortious conduct of one spouse is involved. To sustain community liability requires the Biancos to show intent to benefit the community from Patterson's recording of the groundless lis pendens. *Selby v. Savard*, 134 Ariz. 222, 655 P.2d 342 (1982). See *Garrett v. Shannon*, 13 Ariz.App. 332, 476 P.2d 538 (1970).

Patterson's actions preserved any rights and benefits under the December 19, 1985 agreement. Those are presumed to be community rights or benefits because there

has been no showing that the $200,000 earnest deposit was the separate property of Stephen Patterson. It is presumed that all property acquired during marriage is community property. *Carroll v. Lee,* 148 Ariz. 10, 712 P.2d 923 (1986); *Thomas v. Thomas,* 142 Ariz. 386, 690 P.2d 105 (App. 1984). The presumption may be used where separate and community funds are commingled. *Cooper v. Cooper,* 130 Ariz. 257, 635 P.2d 850 (1981).

On an appeal from an order granting partial summary judgment for the Biancos, the court must view the evidence and all reasonable inferences in a light most favorable to appellants. *Choisser v. State ex rel. Herman,* 12 Ariz.App. 259, 469 P.2d 493 (1970). A careful review of the record reveals no evidence characterizing the $200,000 earnest deposit as Stephen Patter-son's sole and separate property to rebut the presumption. *Cockrill v. Cockrill,* 124 Ariz. 50, 601 P.2d 1334 (1979); *Thomas v. Thomas,* supra. Therefore, we affirm.

Biancos have requested and are granted attorney's fees and costs on appeal provided by A.R.S. § 33–420(A) upon compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

AFFIRMED.

LIVERMORE, P.J., and HOWARD, J., concur.