805 P.2d 1070

**Stephen F. PATTERSON and Carol Patterson, husband and wife, Defendants/Appellants/Cross–Appellees,**

**v.**

**Paul J. BIANCO, Peter F. Bianco, Florence M. Bianco, Joseph M. Bianco, and Annette G. Bianco, Plaintiffs/Appellees/Cross–Appellants.**

**No. 2 CA–CV 90–0029.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 12, 1991.

Warnicke & Littler by Thomas E. Littler, Phoenix, for defendants/appellants/cross-appellees.

Gammage & Burnham by Richard K. Mahrle, Phoenix, for plaintiffs/appellees/cross-appellants.

## OPINION

ROLL, Judge.

Defendants Stephen Patterson and his wife Carol appeal from the trial court's award of damages in the amount of $138,-783.96, plus attorneys' fees, resulting from Patterson's filing of a groundless lis pendens. The plaintiffs (Biancos) cross-appeal from the judgment denying certain damages allegedly resulting from the filing of the lis pendens. For the reasons set forth below, we affirm.

## FACTS

We view the evidence in the light most favorable to sustaining the verdict. *Imperial Litho/Graphics v. M.J. Enterprises*, 152 Ariz. 68, 72, 730 P.2d 245, 249 (App. 1986). The facts, accordingly, are as follows.

Stephen Patterson signed an agreement in 1986 to purchase several parcels of real estate owned by the Biancos. The agreement provided that if the sale did not close, the Biancos were to return to Patterson either the earnest money deposit of $200,-000 or a quitclaim deed to a specified 40–acre parcel of land. The sale did not close, and the Biancos did not return the deposit, nor did they convey title to the 40–acre parcel.

In July 1986, Patterson filed suit against the Biancos in Maricopa County Superior Court, seeking title to the 40–acre parcel or the return of the deposit. In January of 1987, while this action was pending, ADM Partnership (ADM) offered to buy approximately 740 acres from the Biancos, with a closing date set for May 8, 1987. The 740 acres included the 40–acre parcel which was the subject of the Patterson lawsuit.

On March 16, Patterson's attorney, Tom Littler, recorded a lis pendens against all 740 acres which the Biancos were attempting to sell to ADM. This lis pendens was removed by Littler upon demand of the

Biancos, but on April 28, Patterson himself recorded a second lis pendens against the 740 acres. The lis pendens was predicated upon Patterson's lawsuit against the Biancos.

Because Patterson would not remove this lis pendens, ADM refused to close the sale of the property with the Biancos on May 8. ADM did agree to extend the contract and the closing date was pushed back in order to give the Biancos time to remove the lis pendens. The lis pendens was eventually removed and ADM purchased the property on June 5, 1987.

## PROCEDURAL HISTORY

On May 8, the Biancos filed suit to force the removal of Patterson's lis pendens. Patterson removed the lis pendens on May 15, 1987, and ADM purchased the property on June 5, 1987. The Biancos then sought damages from Patterson resulting from the 28-day delay of the sale of the property to ADM.

On October 29, 1987, the trial court granted partial summary judgment for the Biancos as to Patterson's liability for damages incurred as a result of filing a groundless lis pendens. That judgment was affirmed on appeal. *Bianco v. Patterson*, 159 Ariz. 472, 768 P.2d 204 (App.1989).

The parties then proceeded to trial on the question of damages to the Biancos resulting from Patterson's groundless lis pendens, pursuant to A.R.S. § 33–420(A). The trial court awarded damages in the amount of $37,675.08, and prejudgment interest of $8,583.24, which was trebled as allowed under the statute for a total of $138,783.96. The court also awarded costs and attorneys' fees to the Biancos.

The Pattersons appeal from the award of damages and the Biancos appeal from the trial court's denial of an additur.

## ISSUES ON APPEAL

On appeal, Patterson argues that the trial court erred (1) in awarding damages to the Biancos, because they did not prove any "actual damages" resulting from Patterson's lis pendens; (2) in finding that the Biancos' damages were caused by the recording of the lis pendens; and (3) in awarding the Biancos prejudgment interest. On cross-appeal, the Biancos contend that the trial court erred in not awarding damages to them for the lost portion of an initial promissory note payment from ADM.

### The Trial Court's Award of "Actual Damages" Due to the Recording of the Lis Pendens by Patterson

In reviewing the trial court's decision, this court must view the evidence in the light most favorable to sustaining the judgment. *Imperial Litho/Graphics, supra.* Initially, we note that this court, in the previous appeal of this matter, stated:

[T]he record supports the trial court's finding that both lis pendens filed against the entire 1800 acres ... as opposed to the 40 acres subject to the quitclaim provision were groundless and that liability attaches under A.R.S. § 33–420(A).

*Bianco*, 159 Ariz. at 474, 768 P.2d at 206.

Patterson argues that the trial court erred in awarding damages to the Biancos because they did not suffer any "actual damages" due to the recording by Patterson of the lis pendens. A.R.S. § 33–420(A) states:

A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded or filed in the office of the county recorder, knowing or having reason to know that the document is ... groundless ... is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording or filing, whichever is greater, and reasonable attorney fees and costs of the action.

At trial, evidence was presented that the Biancos, under the terms of the ADM transaction, should have received net cash proceeds of $1,023,489.55, plus promissory notes totalling $3,887,718.90. Because of the delayed closing, the Biancos lost inter-

est on the anticipated net cash proceeds for 28 days, which, at a legal rate of 10 percent, constituted a loss of $7,851.48. The interest lost on the promissory notes for the 28–day period was calculated at $29,823.60. Together, these damages totalled $37,675.08. The trial court then added prejudgment interest to this amount, for a sum of $46,261.32, and trebled these damages to arrive at a total damage award of $138,783.96.

■ Appellants' argument that foregone interest does not constitute "actual damages" under A.R.S. § 33–420(A) is without merit. The proper measure of damages for the loss or deprivation of money is interest. *Rossi v. Hammons*, 34 Ariz. 95, 104–05, 268 P. 181, 184–85 (1928); *King Realty, Inc. v. Grantwood Cemeteries, Inc.*, 4 Ariz.App. 76, 417 P.2d 710 (1966); C. McCormick, *McCormick on Damages* § 50 (1935); D. Dobbs, *Remedies* § 3.5 at 166 (1973). Here, the trial court specifically found that the plaintiffs' actual damages consisted of lost interest on the promissory notes and cash, both of which were not received "because of the delay occasioned by the defendant's acts." Although Patterson relies upon *Arizona Copper Co., Ltd. v. Burciaga*, 20 Ariz. 85, 177 P. 29 (1918), that decision recognizes that once the wrongdoer sets a series of events into motion, he is liable for the results. " 'Actual damages' are such compensation for an injury as would follow from the nature and character of the act." 20 Ariz. at 94, 177 P. at 32–33.

There is ample evidence in the record to support the trial court's finding that awardable damages consisted of the loss of the use of money that should have been received by the Biancos on May 8. The proper measure of those damages is the lost interest which would have been earned on these funds had no delay in their delivery occurred.

*The Trial Court's Finding that the Damages Were Caused by the Filing of the Lis Pendens*

■ Patterson next argues that the trial court erred in holding that damages were

"caused by" the lis pendens, contending that the lis pendens only gave notice of the pending litigation. Patterson asserts that once the lis pendens was discovered, had ADM reviewed the Maricopa County lawsuit referred to as the basis of the lis pendens, it would have learned that Patterson claimed an interest in only a 40–acre parcel.

■ Patterson's argument that ADM should have pierced the notice of lis pendens and determined precisely to what extent Patterson's lawsuit against the Biancos would affect the property ADM wished to purchase was rejected by this court in *Richey v. Western Pacific Development Corp.*, 140 Ariz. 597, 684 P.2d 169 (App. 1984). There, a party who had recorded a lis pendens argued that by reviewing the underlying litigation, a prospective purchaser could determine that it did not affect title to real property. As this court stated, "Appellants' admission that the litigation involved was not of the type affecting the title to the property covered in the lis pendens is, in effect, an acknowledgment that the lis pendens was groundless." 140 Ariz. at 601, 684 P.2d at 173. Notice of lis pendens requires an assertion that rights concerning title to the property may be affected. *Id.* If the underlying litigation will not affect title to the property, a lis pendens should not be filed. Here, Patterson admitted to witnesses that he caused the lis pendens to be filed in order to have leverage against the Biancos.

Patterson also argues that the lis pendens only caused damages for the period from May 8, 1987, to May 15, 1987, because on May 8, 1987, ADM refused to close due to the lis pendens and on May 15, 1987, Patterson removed the lis pendens.

Patterson's argument that the trial court erred in not limiting the damages only to those that accrued from May 8 to May 15 ignores the fact that his wrongful action in filing the groundless lis pendens was the reason closing was postponed until June 5, 1987. Patterson is responsible for the damages directly and proximately caused by his actions up through that date. *Val-*

*ley National Bank v. Brown,* 110 Ariz. 260, 264, 517 P.2d 1256, 1260 (1974).

### Trial Court's Award of Prejudgment Interest

Finally, Patterson argues that the trial court erred in awarding prejudgment interest on the damages awarded to the Biancos. As this court recognized in *Vairo v. Clayden,* 153 Ariz. 13, 20, 734 P.2d 110, 117 (App.1987): "It is well settled in Arizona that prejudgment interest is allowed as a matter of right on liquidated claims, in both contract and tort actions."

"A claim is liquidated if evidence furnishes the data which if believed makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Arizona Title Insurance and Trust Company v. O'Malley Lumber Company,* 14 Ariz.App. 486, 496, 484 P.2d 639, 649 (1971). In this case, the trial court was presented with straightforward mathematical calculations, not requiring opinion or discretion. We therefore reject this argument as well.

### Trial Court's Refusal to Award Damages for the Lost Portion of an Initial Promissory Note Payment from ADM

On cross-appeal, the Biancos argue that the trial court erred in not including as direct damages caused by Patterson's action the sum of $42,597.00, which represents the one month prorated portion of the first annual payment. The Biancos assert that had the closing been completed on May 8, 1987, they would have been entitled to receive the first payment on April 1, 1988, consisting of principal and interest prorated over 11 months. Instead, they received a first payment prorated over 10 months. As a result of the delay in closing, they sustained an additional loss of $42,597.00.

We find that there was evidence to support the trial court's refusal to award damages on this claim. When the transaction was closed with ADM on June 5, the notes called for the same annual payment on April 1, 1988 as would have been made had the transaction closed on May 8, 1987. It was only later that the Biancos agreed with ADM to reduce the obligation on the note for the amount of interest for the period of delay in closing. We believe that the trial court was within its discretion in holding that the Biancos failed to prove that these were "actual damages" caused by Patterson's filing of the lis pendens.

### ATTORNEYS' FEES

Appellees will be awarded attorneys' fees on appeal pursuant to A.R.S. § 33–420(A) upon filing of a statement of costs in compliance with Rule 21(C), Ariz.R. Civ.App.P., and *Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 673 P.2d 927 (App.1983).

### CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court.

FERNANDEZ, C.J., and HOWARD, J., concur.