931 P.2d 1106

**Donna and Andrew GUARRIELLO, Plaintiffs/Appellees/Cross–Appellants,**

v.

**SUNSTATE EQUIPMENT CORPORA-TION, INC., an Arizona corporation, Defendant/Appellant/Cross–Appellee.**

No. 2 CA–CV 95–0235.

Court of Appeals of Arizona, Division 2, Department B.

July 11, 1996.

Review Denied Feb. 26, 1997.

Joseph H. Watson, Tucson, for Plaintiffs/Appellees/Cross–Appellants.

Kevin John Witasick & Associates by Kevin John Witasick, Phoenix, for Defendant/Appellant/Cross–Appellee.

## OPINION

HATHAWAY, Judge.

Sunstate appeals the granting of summary judgment in favor of appellees Donna and Andrew Guarriello (Guarriello) concerning the mechanic's lien Sunstate filed against their real property, which we affirm. Guarriello cross-appeals the trial court's denial of additional damages pursuant to A.R.S. § 33–420(C), which we reverse.

■ Summary judgment is appropriate when no material facts are disputed and the moving party is entitled to judgment as a matter of law. *Gulf Ins. Co. v. Grisham,* 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980).

## Summary Judgment

Sunstate rented equipment to the contractor building the Guarriello residence. When the contractor failed to pay Sunstate, Sunstate notified Guarriello that if payment was not forthcoming, it intended to file a mechanic's lien against the property. Sunstate mailed the statutory twenty-day lien notice to Guarriello. A.R.S. § 33–992.01. Guarriello responded they did not believe Sunstate could file a lien against their residence. One week later, Sunstate filed the lien, which it refused to remove despite Guarriello's written demand that it do so. Guarriello subsequently filed a complaint seeking statutory damages under A.R.S. § 33–420(A) and (C), which provide:

A. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise

invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

C. A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

Guarriello filed a motion for summary judgment and Sunstate filed a cross-motion. Following a hearing, the trial court granted Guarriello's motion, awarding them $5,000 in damages and $4,925.25 in attorney's fees and costs under § 33–420(A), and denying Sunstate's cross-motion for summary judgment.

■ Sunstate argues that the trial court erred because Guarriello failed to prove their owner-occupant status foreclosing recordation of a lien against their property absent a written contract between the lien holder and the owner. According to § 33–1002(A)(2), "owner-occupant" means a natural person who:

(a) Prior to commencement of the construction ... holds legal or equitable title to the dwelling by deed or contract for the conveyance of real property recorded with the county recorder of the county in which the dwelling is located, and

(b) Resides or intends to reside in the dwelling at least thirty days during the twelve-month period immediately following completion of the construction ... and does not intend to sell or lease the dwelling to others....

§ 33–1002(B) further provides:

No lien provided for in this article shall be allowed or recorded by the person claiming

a lien against the dwelling of a person who became an owner-occupant prior to the construction, alteration, repair or improvement, *except by a person having executed in writing a contract directly with the owner-occupant.*

(Emphasis added) It is undisputed that there was no written contract between the parties, which in itself disqualifies Sunstate as a lien claimant under the emphasized portion of § 33–1002(B). Sunstate asserts, however, that because the record does not contain proof of a recorded deed, as required by § 33–1002(A)(2)(a), the trial court erred in granting summary judgment. This argument is without merit. The language of § 1002(B) that no lien "shall be *allowed* or *recorded* by the person claiming a lien" (emphasis added) unless the statutory requirements are met, demonstrates the lienor, not the owner-occupant, carries the burden of proof. Accordingly, Sunstate's own failure to comply with the statute or produce evidence it was required to have as a prerequisite to filing its lien supports Guarriello's summary judgment. Sunstate further argues there are disputed questions of fact as to whether it knew or should have known the lien was groundless. § 33–420(A); *Coventry Homes, Inc. v. Scottscom Partnership,* 155 Ariz. 215, 219, 745 P.2d 962, 966 (App. 1987). In its controverting statement of facts to Guarriello's motion for summary judgment, Sunstate admits that Guarriello has "owned the property ... since May 16, 1985." Sunstate apparently failed to determine whether a recorded deed in Guarriello's name existed, a fact which a person of "reasonable intelligence" charged with "knowing" certain information would ascertain. *Coventry.* As discussed above, Sunstate was statutorily obligated before recording its lien to ascertain whether Guarriello was an owner-occupant and thus exempt from the filing.

We do not consider Sunstate's arguments that it is not liable for the imputed knowledge of its agent, who filed the lien, and that Guarriello failed to mitigate damages, as these arguments were not raised below. *Stewart v. Mutual of Omaha Ins. Co.,* 169 Ariz. 99, 817 P.2d 44 (App.1991).

## Attorney's Fees

■ Sunstate contends that attorney's fees awarded pursuant to § 33–420(A) were excessive and unreasonable. Sunstate failed to raise below the specific factual disputes regarding attorney's fees it raises now. We thus disregard this argument. *Stewart.*

## Cross–Appeal

■ Guarriello argues on cross-appeal that the trial court erred in failing to award them an additional $1,000 in damages pursuant to § 33–420(C). We agree. As noted above, Sunstate refused to remove its lien after Guarriello's written demand to do so. Accordingly, the trial court should have levied the $1,000 penalty provided in § 33–420(C). Sunstate cites *Bianco v. Patterson,* 159 Ariz. 472, 474, 768 P.2d 204, 206 (App. 1989), for the proposition that subsections (A) and (C) provide distinct remedies and may not be applied to the same party. We disagree. In *Bianco,* the issue was whether the notice and grace period contained in subsection (C) should be read as applying to subsection (A), an issue not raised here. While we stated that subsection (A) applies to persons with notice of the recording, and subsection (C) applies to a distinct group of persons who had no knowledge of the recording, we believe that statement too restrictive in its interpretation of subsection (C). Its language is plainly inclusive of a person named in a groundless document, regardless whether that person caused it to be recorded in violation of subsection (A). Subsection (C) thus provides a clear incentive for such a one to timely clear the record and avoid additional damages after written notice of the lien's invalidity. Our holding in *Bianco* does not preclude damages under both subsections of the statute, and as a matter of law, the trial court should have awarded them here.

Attorney's fees on appeal are awarded to Guarriello upon compliance with Ariz. R. Civ. App. P. 21(c), 17B A.R.S.

DRUKE, C.J., and ESPINOSA, P.J., concur.