IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MARCO CRANE & RIGGING CO.,
an Arizona corporation, *Plaintiff/Appellee*,

*v.*

LINDA S. MASARYK and JOHN DOE MASARYK, wife and husband;
LSM L.L.C., an Arizona limited liability company;
NGM INSURANCE CO., a Florida insurance company,
*Defendants/Appellants*.

No. 1 CA-CV 13-0467
FILED 12-30-14

---

Appeal from the Superior Court in Maricopa County
No. CV2009-020422
The Honorable J. Richard Gama, Judge

**REVERSED AND REMANDED**

---

COUNSEL

The Law Offices of Dominica J. Minore, P.C., Scottsdale
By Dominica J. Minore
*Counsel for Plaintiff/Appellee*

Bluff & Associates, Phoenix
By Guy W. Bluff, Bruce A. Smidt
*Counsel for Defendants/Appellants*

_____

**OPINION**

_____

Judge Randall M. Howe delivered the opinion of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

_____

**H O W E**, Judge:

**¶1**        Linda S. Masaryk, LSM, Inc., and NGM Insurance Co., appeal the superior court's grant of summary judgment in favor of Marco Crane & Rigging, Co. The superior court found that Marco was entitled to foreclose on its mechanics' lien against Masaryk's house. Because Masaryk satisfied the statutory requirements to be an "owner-occupant" at the time Marco recorded the lien, we hold that the lien violated A.R.S. § 33–1002(B) and therefore reverse and remand for proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In 2003, Masaryk obtained title to a parcel of land in Paradise Valley, which she recorded with the Maricopa County Recorder. In 2006, Masaryk hired Mendelsohn Construction to build a house on the parcel. Mendelsohn entered into a subcontract agreement with Marco to erect structural steel for the house. Within 20 days of commencing work, Marco served Masaryk and Mendelsohn with a preliminary twenty-day notice of lien.

**¶3**        In October 2008, Masaryk's architect told Mendelsohn to cease construction. Because Marco was not paid, it recorded a mechanics' lien against the house for the amount of its unpaid invoices in December 2008. Marco then sued Masaryk and Mendelsohn to foreclose the lien. In November 2009, Masaryk recorded a lien transfer bond issued by surety NGM to discharge the lien from encumbering the house.

**¶4**        In February 2010, Masaryk transferred title to the house to her limited liability company, LSM, which she solely owned to hold personal investments. The home was built and ready for occupancy on March 16, 2010. On April 15, 2010, Masaryk moved into the house, and lived there until October 2011 In May 2010, Marco amended its complaint to add NGM and LSM as defendants. The amended complaint revised its claim for relief, requesting a judgment of payment of the lien from the bond.

¶5        Masaryk moved for summary judgment, arguing that the lien was invalid because she was an owner-occupant pursuant to Arizona Revised Statute ("A.R.S.") § 33–1002(A)(2). Marco cross-moved for summary judgment, arguing that Masaryk was not entitled to owner-occupant status because she had transferred title to the house to LSM and did not intend to reside there. After oral argument, the superior court granted Marco's cross-motion for summary judgment, finding that the transfer of the house to LSM divested Masaryk of "owner-occupant" status.

¶6        The parties then filed multiple motions concerning the validity of Marco's lien foreclosure and bond discharge claims. The superior court granted Marco's motion on both claims and awarded Marco attorneys' fees and costs.

## DISCUSSION

¶7        Masaryk appeals the superior court's entry of summary judgment in favor of Marco's lien foreclosure claim, arguing that she was shielded against Marco's lien as an "owner-occupant" under A.R.S. § 33–1002(A)(2). Masaryk contends that the lien is invalid because she was an "owner-occupant" at the time the lien was recorded. Marco argues, however, that Masaryk was not entitled to "owner-occupant" status because she had transferred title to the house to LSM and did not intend to reside at the house. We review a grant of summary judgment de novo to "determine independently whether there are any genuine issues of material fact and whether the trial court erred in its application of the law." *Valder Law Offices v. Keenan Law Firm*, 212 Ariz. 244, 249 ¶ 14, 129 P.3d 966, 971 (App. 2006).

¶8        Arizona's mechanic's lien statutes give those who furnish labor or materials (collectively, "laborers") to enhance the value of another's property the right to a lien on the property for the value of the improvements if not paid. A.R.S. §§ 33–981 to –1021; *Wahl v. Southwest Sav. & Loan Ass'n*, 106 Ariz. 381, 385, 476 P.2d 836, 840 (1970). Mechanic's liens statutes must be strictly followed, *see Irwin v. Murphey*, 81 Ariz. 148, 155, 302 P.2d 534, 538 (1956), requiring the lien claimant to demonstrate substantial compliance with each statutory requirement consistent with its purpose, *Fagerlie v. Markham Contracting Co.*, 227 Ariz. 367, 371 ¶ 13, 258 P.3d 185, 189 (App. 2011).

¶9        To preserve lien rights, a the laborer must first serve a written preliminary 20-day lien notice on the owner within twenty days after the laborer first furnishes materials or services to the jobsite. A.R.S. § 33–

992.01(B). To perfect and later foreclose a lien, the laborer must record a notice and claim of lien with the appropriate county recorder after completion of work on the property and serve a copy on the owner. A.R.S. § 33–993(A); *Wang Elec., Inc. v. Smoke Tree Resort*, 230 Ariz. 314, 321 ¶ 19, 283 P.3d 45, 52 (App. 2012). Section 33–1002(B) prevents liens from attaching to certain dwellings, however:

> No lien provided for in this article shall be allowed or recorded by the person claiming a lien against the dwelling of a person who became an owner-occupant prior to the construction, alteration, repair or improvement, except by a person having executed in writing a contract directly with the owner-occupant.

¶10        To enjoy "owner-occupant" status, a natural person must hold legal or equitable title to the dwelling by deed or contract for the conveyance of real property that has been recorded with the county recorder before commencement of the construction, alteration, repair, or improvement. A.R.S. § 33–1002(A)(2); *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 72 ¶ 13, 263 P.3d 77, 80 (App. 2011). The natural person must also reside or intend to reside in the dwelling for at least 30 days during the twelve-month period following completion of the construction, alteration, repair, or improvement and must not intend to sell or lease the dwelling to others. A.R.S. § 33–1002(A)(2). Residence in the dwelling is demonstrated when the person places personal belongings and furniture in the dwelling and the person — or members of the person's family — occupies the dwelling. *Id.* The laborer is statutorily obligated to ascertain whether the property owner is an "owner-occupant" before recording its lien. *Guarriello v. Sunstate Equip. Corp., Inc.*, 187 Ariz. 596, 598, 931 P.2d 1106, 1108 (App. 1996).

¶11        Whether Masaryk is shielded against the lien under A.R.S. § 33–1002(B) hinges on her status as an "owner-occupant" before Marco commenced its work on the house.[1] Because Masaryk satisfied the statutory requirements to be an "owner-occupant" at the time Marco recorded the lien, the lien violated A.R.S. § 33–1002(B).

¶12        First, before Marco commenced its work, Masaryk owned the property personally, obtaining legal title in 2003. Second, Masaryk recorded

---

[1]        Pursuant to A.R.S. § 33-1002(B), a subcontractor could file a lien against an "owner-occupant" if the subcontractor had executed a contract directly with the "owner-occupant." Marco does not dispute that it did not have a direct contract with Masaryk.

title to the property with the Maricopa County Recorder that same year. Finally, Masaryk intended to reside in the house for at least 30 days following the completion of Marco's work, as evidenced by the fact that she she actually moved into the house approximately one month after it was completed and lived there for over one year. Masaryk was therefore an "owner-occupant" at the time Marco its lien.[2] *Guariello*, 187 Ariz. at 598, 931 P.2d at 1108. Because Masaryk was an "owner-occupant," the lien was improperly recorded in violation of A.R.S. § 33–1002(B). As a matter of law, Marco was not entitled to summary judgment on its lien foreclosure and bond discharge claims. Because Marco was not entitled to summary judgment, the superior court erred in awarding Marco attorneys' fees and costs.

¶13 Both parties seek their attorneys' fees and costs on appeal. We deny both requests without prejudice to allow the superior court to award fees incurred on appeal to the prevailing party at the conclusion of the litigation.

## CONCLUSION

¶14 Having found that the lien was improperly recorded, we reverse the grant of summary judgment in favor of Marco's lien foreclosure claim and bond discharge claims and remand the case to the superior court.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt

---

[2] The parties contest whether Masaryk's transfer of her house to LSM vitiated her "owner-occupant" status. We need not decide this issue because the validity of Marco's lien hinges on whether Masaryk was an "owner-occupant" at the time Marco recorded its lien, which she was. Moreover, Marco never sold the house to others; rather, she merely changed the form in which she owned the house.