NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RAMON YSLAS, *Plaintiff/Appellee*,

*v.*

STERLING MOBILE SERVICES INC., *Defendant/Appellant*.

No. 1 CA-CV 20-0179

FILED 12-1-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-008124
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Giammarco Law Office, Chandler
By Anthony Giammarco
*Counsel for Defendant/Appellant/Judgment Debtor*

Ramon Yslas, Tempe
*Plaintiff/Appellee/Judgment Creditor*

_____

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

_____

**H O W E**, Judge:

**¶1**        In a case arising from an employer's non-payment of wages to a discharged employee, Sterling Mobile Services Inc. appeals the trial court's granting its former employee, Ramon Yslas, summary judgment. Sterling argues that material issues of fact preclude summary judgment and that the trial court erred in awarding Yslas treble damages because Sterling had a good faith basis to dispute Yslas's claim for unpaid wages. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Yslas worked for Sterling as a sales representative for more than four years and, along with a bi-weekly wage, earned a 30% commission for equipment sales on the difference between sales procured and equipment costs. The contract provided that commission payments would occur on the 15th day of each month following Sterling's receipt of the customer's payment.

**¶3**        In October 2018, Sterling discharged Yslas for poor performance. Two weeks later, Sterling paid Yslas the outstanding commissions owed from customer payments received before his discharge but refused to pay commissions on sales paid for after Yslas was discharged. Yslas, representing himself, sued Sterling for those unpaid commissions under A.R.S. § 23–353(A), and alleged that Sterling owed him treble the value of unpaid commissions under A.R.S. § 23–335. Sterling denied owing Yslas the unpaid commissions and counterclaimed for defamation, false light, and tortious interference with a business relationship.

**¶4**        Yslas moved for summary judgment, claiming that $17,668.94 in commissions remained unpaid and that that amount must be trebled to $53,006.82. He attached copies of the invoices that formed the basis of his claim, which he had obtained from Sterling's initial disclosure statement. The attached invoices included handwritten equipment cost totals and

commission calculations. He also attached two affidavits. In the first, he attested to the facts in his motion and supporting documents and stated that the full amount of commissions due was $17,668.94. In the second, one of Sterling's clients attested that the counterclaims were meritless. Before Sterling submitted its response, Yslas filed a "Supplement to Motion for Summary Judgment," which criticized Sterling's discovery submissions and argued that the documents submitted with the motion were sufficient to establish that Yslas was entitled to summary judgment.

¶5        In response, Sterling did not deny Yslas's statement of facts, address his supplement, or make any evidentiary objections. Sterling did, however, submit an affidavit from its owner stating that when it discharged an employee for poor performance, it was its policy to pay only those commissions for which it had received payment before the discharge. Sterling claimed that treble damages were consequently unwarranted. Sterling further claimed that it had withheld the commissions also because it had pending tort claims against Yslas for defamation, false light, and tortious interference with business affairs that would "set off," or offset, any unpaid commissions.

¶6        The trial court granted Yslas summary judgment, finding that Sterling had conceded the amount of commissions due as being $17,668.94. The trial court noted that the "wages" to which a discharged salesperson is entitled under A.R.S. § 23–350(7) include commissions on sales that the salesperson procured before discharge, even if the employer does not receive payment from the customer until after the salesperson's discharge. The trial court ruled that Sterling did not have a good faith basis for denying Yslas his earned wages and trebled the damages. The trial court later granted Yslas summary judgment on Sterling's counterclaims for lack of a dispute of material fact.

## DISCUSSION

¶7        Sterling does not dispute the trial court's granting summary judgment against it on its counterclaims, but contends that the trial court erred in granting Yslas summary judgment on his claim that it had improperly withheld commissions owed to him under A.R.S. § 23–353(A) and in awarding him treble damages for the violation of that statute. Neither claim has merit.

## I. Yslas is entitled to summary judgment for unpaid wages under A.R.S. § 23–353(A).

¶8   We review a grant of summary judgment de novo to determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. *Marco Crane & Rigging Co. v. Masaryk*, 236 Ariz. 448, 449 (App. 2014). We view the facts in the light most favorable to the party against whom judgment was entered and draw all justifiable inferences in its favor. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112 ¶ 17 (App. 2008).

¶9   Under A.R.S. § 23–353(A), an employer who discharges an employee must pay the wages due the employee within seven working days or the end of its regular pay period, whichever is sooner. Wages are "nondiscretionary compensation due an employee in return for labor or services . . . for which the employee has a reasonable expectation to be paid . . . ." A.R.S. 23–350(7). Sales commissions are wages under this definition. *Sanborn v. Brooker & Wake Property Mgmt., Inc.*, 178 Ariz. 425, 427 (App. 1994). This includes commissions that are based on sales that the employee procured before the employee was discharged, even though the employer received payment on the sales after the employee was discharged. *See Clark v. Ellsworth*, 66 Ariz. 119, 122 (1947) (holding that Arizona follows the "procuring cause" rule in determining when real estate sale commission is earned); *accord Porter v. Ploughe*, 77 Ariz. 33, 35 (1954).

¶10   Sterling did not dispute that Yslas had procured the sales that gave rise to the commissions in question. Sterling argued only that its policy was to not pay commissions earned for sales paid after the employee was discharged if the employee had been discharged for poor performance, and that Yslas thus was not entitled to those commissions. Sterling's owner admitted, however, that he had never communicated this policy to Yslas. Because an employer cannot refuse to pay wages for reasons not communicated to the employee, *see Schade v. Diethrich*, 158 Ariz. 1, 13 (1988), Yslas was entitled to his unpaid commissions as a matter of law.

¶11   Sterling nevertheless argues that summary judgment was not appropriate because the information that Yslas attached to his summary judgment motion — including the handwritten notations — and presented in his supplement to his summary judgment motion created genuine disputes of fact about the amount of the commissions owed. Sterling also argues that the trial court erred in considering the additional material in ruling on the summary judgment motion. Sterling never raised these arguments to the trial court, however, and they are thus waived on appeal. *Woyton v. Ward*,

247 Ariz. 529, 534 (App. 2019); *see also A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 568 (1995) (stating that evidentiary and foundational objections to sufficiency of supporting documents attached to summary judgment pleadings are necessary to allow offering party an opportunity to cure defects and that objections to evidence must be raised at trial court to be considered on review). Because Sterling did not raise its arguments before the trial court, the trial court properly deemed as true the facts attested in Yslas's affidavit. *Siner v. Stewart*, 9 Ariz. App. 101, 103 (1969) ("The appellant was obligated to file either affidavits or some other evidence controverting those facts alleged to be true by the appellee's affidavit. When [it] failed to do so, the facts stated by the appellee[] were to be considered as true."). The trial court did not err in granting Yslas summary judgment on his non-payment of wages claim.

II.     **The trial court did not err in finding that Sterling did not have a good faith basis for withholding commissions and did not abuse its discretion in trebling damages.**

¶12         Sterling further contends that the trial court erred in awarding Yslas treble damages under A.R.S. § 23–355(A), which provides that when an employer "fails to pay wages due" to an employee, that employee "may recover . . . an amount that is treble the amount of the unpaid wages." Employers are permitted to withhold employee wages when they reasonably dispute in good faith the amount of wages due, including any "set-off" the employer asserts against the employee. A.R.S. § 23–352(3). We review the trial court's application of § 23–355 *de novo*, but if the withholding of wages is neither reasonable nor in good faith, we review the decision to award treble damages for an abuse of discretion. *Swanson v. Image Bank, Inc.*, 202 Ariz. 226, 238 (App. 2002), *aff'd in part, vacated in part*, 206 Ariz. 264 (2003). The trial court committed no error and did not abuse its discretion in awarding Yslas treble damages.

¶13         Sterling argues that treble damages were not appropriate because it had a good faith dispute about the amount of wages due in two respects. First, it claims that its policy of denying post-employment commissions to those employees, like Yslas, whom it discharges for poor performance created a good faith dispute about the amount owed. However, as Sterling's owner admitted, Sterling never told Yslas about the policy, so it cannot be the basis of a good faith dispute. *See Schade*, 158 Ariz. at 13 (an employer cannot withhold wages for a reason not communicated to the employee).

**¶14**       Second, Sterling claims that it had a good faith dispute about the amount owed because it had tort claims against Yslas that could result in a set-off if damages were awarded. But although Section 23–352(3) allows an employer to withhold wages based on a counterclaim or "any claim of debt, reimbursement, recoupment or set-off" it may have against the employee, the claim or debt must arise out of the employment relationship. Op. Att. Gen. No. I85-107, 1985 WL 70323. The tort counterclaims for defamation, false light, and tortious interference with business relations do not arise out of its employment relationship with Yslas, but concern independent, post-employment conduct. Moreover, even if Yslas's conduct did relate to his employment relationship, Sterling did not present evidence about the amount of the set-off. An employer can withhold only that portion of wages necessary to satisfy the counterclaim or debt. *See Sanborn*, 178 Ariz. at 429 (holding that "only the portion of wages which is disputed in good faith is exempted from treble damages."). Furthermore, the trial court granted Yslas summary judgment on the counterclaims, and Sterling has not appealed. This is a concession that the claims do not provide any basis for a set-off. *See State Farm Mut. Auto. Ins. Co. v. Tarantino*, 114 Ariz. 420, 422 (1977) (failing to contest issue on appeal deemed a concession). Sterling had no reasonable good faith dispute with Yslas and thus no legal basis to deny him wages, which entitled the trial court to consider a treble damages award.

**¶15**       The trial court did not abuse its discretion in awarding Yslas treble damages. Yslas was entitled to the commissions he had earned, and Sterling provided no basis to deny paying those commissions or to dispute the amount of the commissions. The trial court acted within its discretion in finding that Sterling's failure to pay the commissions was unjust and in bad faith.

## CONCLUSION

¶**16**        For the reasons stated, we affirm the grant of summary judgment for $17,668.94 in unpaid wages trebled to $53,006.82 pursuant to A.R.S. 23–335. Because Sterling did not prevail on appeal, we deny its request for attorneys' fees. As the prevailing party, Yslas is entitled to his costs incurred in this appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA