221 P.3d 1041

**LEBARON PROPERTIES, LLC, an Arizona limited liability company, Plaintiff/Appellee,**

v.

**JEFFREY S. KAUFMAN, LTD, aka Jeffrey Kaufman, Ltd, Appellant.**

**No. 1 CA–CV 09–0174.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 15, 2009.

---

* The Honorable Ann A. Scott Timmer, Chief Judge of Division One of the Arizona Court of Appeals, is authorized to participate in this appeal pursuant to A.R.S. § 12–120(F) (2003).

228

Galbut & Galbut, PC By Olivier A. Beabeau, Keith R. Galbut, Phoenix, Attorneys for Plaintiff/Appellee.

Jeffrey S. Kaufman, Appellant, Scottsdale, In Propria Persona.

**OPINION**

BARKER, Judge.

¶ 1 Appellant Jeffrey Kaufman ("Kaufman") appeals from the superior court's judgment awarding Plaintiff/Appellee Lebaron Properties, LLC ("Lebaron") $25,000 in sanctions pursuant to Arizona Revised Statutes ("A.R.S.") section 33–420(A) for an untimely filed lis pendens. For the following reasons, we affirm the determination to award sanctions but modify the amount of the award.

1. Kaufman maintains that the notice of lis pendens could have been properly recorded after the answer and counterclaim were filed but acknowledges he recorded the lis pendens before that time.

2. The motion also asserted that "Lebaron is further entitled to an award of up to $5,000.00 against Defendants' counsel for his part in the recording under A.R.S. § 12–349." On appeal, Lebaron does not seek to have the award af-

*Facts and Procedural Background*

¶ 2 On June 19, 2008, Lebaron filed a verified complaint seeking monetary relief and alleging various defendants breached a contract to purchase real property. On July 10, 2008, before the answer and counterclaim were filed,[1] Kaufman recorded on behalf of his clients, the defendants, a notice of lis pendens ("lis pendens") with the Maricopa County Recorder and filed a copy of the same with the Clerk of the Maricopa County Superior Court. Lebaron filed a motion to quash lis pendens and motion for award against defendants under A.R.S. § 33–420 and A.R.S. § 12–349 on July 23, 2008. The motion to quash requested the court immediately quash the lis pendens and sought "$25,000.00 ($5,000.00 per Defendant) *plus* attorneys' fees and costs from Defendants on the basis of Defendants' wrongful recording of the *lis pendens.*"[2] The August 6 response to the motion to quash admitted that the lis pendens was inappropriately recorded and that Kaufman was responsible for the filing of the lis pendens.

¶ 3 The signed court order of September 3 stated that the lis pendens was "groundless and invalid" and ordered Kaufman, but not his clients, to pay Lebaron the amount of $25,000. Two days later, Kaufman filed and recorded a release of lis pendens. On December 5, Lebaron filed a motion to compel compliance by Kaufman with the court's signed order or, in the alternative, for entry of final judgment against Kaufman. On December 16, Kaufman filed a motion for reconsideration and modification of signed order, seeking reduction of the $25,000 sanction to $5000 plus attorneys' fees. Kaufman argued that an amount in excess of $5000 was inappropriate because Lebaron had sought $5000 per offending party (the five Defendants), but the court found Kaufman to be solely

firmed under § 12–349 and affirmatively states that "[i]t is established fact that the trial court did not impose sanctions against Kaufman under A.R.S. § 12–349." Therefore, we do not address whether the sanction awarded could be sustained under § 12–349 as there is no claim that any sanctions were awarded or due under that section. The only issue before us is whether the $25,000 sanction is sustainable under § 33–420(A).

responsible for filing the lis pendens. The court permitted a response to the motion. Lebaron argued that Kaufman recorded five groundless notices of claim against the property; therefore, the minimum award the court could order was $25,000. The motion for reconsideration was denied and the court entered final judgment against Kaufman, awarding Lebaron $750 in attorneys' fees and costs in addition to the award of $25,000 in sanctions.

¶ 4 Kaufman timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

### Discussion

¶ 5 Kaufman concedes that he recorded the lis pendens before filing a formal claim affecting title to the real property and as such the filing was inappropriate. He does not contest an award of $5000, plus prejudgment interest, plus $750 attorneys' fees. However, Kaufman argues that under A.R.S. § 33–420, one notice of lis pendens filed by one person, as to only one owner of one piece of property, cannot result in a sanction of $25,000 unless the trebling of actual damages supports that amount. We agree with Kaufman.

¶ 6 Kaufman argues that our standard of review is *de novo* because the issue before us is the trial court's interpretation of A.R.S. § 33–420(A). *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (statutory construction and interpretation is a question of law, which we review *de novo* ). Lebaron contends that the issue on appeal is the trial court's imposition of a $25,000 sanction against Kaufman, and, therefore, that we review for an abuse of discretion. *Hmielewski v. Maricopa County*, 192 Ariz. 1, 3, ¶ 13, 960 P.2d 47, 49 (App.1997) (appellate court reviews sanctions imposed against attorneys using an abuse of discretion standard). Because the issue before us turns on the interpretation of § 33–420(A), we review the trial court's judgment *de novo*. *Zamora*, 185 Ariz. at 275, 915 P.2d at 1230.

¶ 7 The "principle of statutory interpretation is to determine and give effect to legislative intent." *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

If the language is clear and unambiguous, the courts apply it without resorting to other methods of statutory interpretation. *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). If the legislative intent is not disclosed, we must "read the statute as a whole, and give meaningful operation to all of its provisions." *Wyatt*, 167 Ariz. at 284, 806 P.2d at 873. In determining legislative intent, a court may consider "the context of the statute, the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose." *Id.*

¶ 8 Liability under A.R.S. § 33–420(A) attaches when an invalid document purporting to claim an interest in real property is recorded in the county recorder's office. A.R.S. § 33–420(A) (2007). Section 33–420(A) states:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, *who causes a document* asserting such claim *to be recorded* in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid *is liable to the owner* or beneficial title holder of the real property *for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater,* and reasonable attorney fees and costs of the action.

*Id.* (emphasis added.) The purpose of this statute is to "protect property owners from actions clouding title to their property." *Wyatt*, 167 Ariz. at 286, 806 P.2d at 875. This purpose is achieved by "deterring individuals from knowingly filing groundless lis pendens claims." *Id.* The deterrence allowed in § 33–420(A) is an award of a sum "not less than" $5000, even if no actual damages occurred. A.R.S. § 33–420(A). If there are actual damages, the court may treble that amount and the court is to award the greater of $5000 or treble the actual damages. *Id.* Attorneys' fees and costs are also authorized for a simple violation of the statute. *Id.*

¶ 9 Lebaron makes two arguments. First, Lebaron asserts that because § 33–420(A) authorizes "not less than" $5000 in statutory damages for a per se violation of the statute, the trial court may award sanctions "in excess of $5,000 without a showing of actual damages." We disagree. While the phrase "the sum of not less than five thousand dollars" standing alone could be read to allow such a construction, this interpretation would then render another portion of the statute meaningless. *See State v. Pitts*, 178 Ariz. 405, 407, 874 P.2d 962, 964 (1994) (we avoid interpretation of a statute that renders it meaningless). The statute provides that when actual damages have occurred, they must be trebled, and then "whichever is greater"—the $5000 minimum or treble the actual damages—is to be awarded. A.R.S. § 33–420(A). Thus, when only one violation or violator and property owner is involved, sanctions may not exceed $5000 unless actual damages are shown.

¶ 10 Second, Lebaron asserts $25,000 is an appropriate minimum sanction because there were five different violations or violators which were sanctioned at the rate of $5000 per violation. Lebaron argues that there were five groundless claims because there were five defendants (Kaufman's clients) listed on the notice of lis pendens. On the facts before us, this interpretation is inconsistent with the clear wording of the statute.

¶ 11 Section 33–420(A) specifically requires that "[a] person ... who causes a document asserting [an interest in real property] to be recorded ... is liable to the owner," if the claim is groundless. Under the statute, the person "who causes" the groundless document to be filed is liable. Here, that person was Kaufman, not his clients.

¶ 12 In *Wyatt*, the court addressed the issue of whether "damages can be assessed against a client pursuant to § 33–420(A) when an attorney files a lis pendens without the client's knowledge or consent." 167 Ariz. at 283, 806 P.2d at 872. The court found that

A.R.S. § 33–420(A) includes a scienter requirement manifested by the "knowing or have reason to know" language in the statute. *Id.* The court noted that "[u]nder agency law principles, plaintiffs are responsible for their attorney's actions." *Id.* However, the court found that on the facts presented "sanctions are undeserved because the client did not have the requisite scienter to cause the filing of a wrongful lis pendens." *Id.* at 285, 806 P.2d at 874. The lis pendens was filed by the attorney without the clients having any basis to know such a filing was improper. *Id.* at 284, 806 P.2d at 873. The court determined that § 33–420(A) "requires a knowing violation before its sanctions will be imposed," and "thus imposes liability on the claimant (*i.e.,* the client instead of the lawyer) for causing the filing of a lis pendens *only* if he knows or has reason to know the lis pendens claim is invalid." *Id.*

¶ 13 In this case, as a factual matter, there is no basis in the record before us to determine that anyone besides Kaufman was responsible for the filing of the lis pendens. No evidence was presented that Kaufman's clients instructed him to file or had knowledge of the inappropriate filing of the lis pendens. The trial court found Kaufman caused the document to be filed that claimed an interest in real property and he is liable to Lebaron. Kaufman's clients did not meet the scienter requirement in the statute and as expressed in *Wyatt*. Thus, there was only one violator subject to sanctions: Kaufman.[3]

¶ 14 Lebaron nonetheless contends that there were five separate violations by Kaufman, as there were five defendants whose names were on the lis pendens. Under the language of the statute, however, the person "who causes" the filing of the groundless document "is liable to the owner or beneficial title holder of the real property." A.R.S. § 33–420(A). In this case, there was only one violator (Kaufman) who caused only one document (the lis pendens) to be filed against

---

**3.** Because there was only one violator, we need not address the argument that the presence of five violators (i.e. had all five of Kaufman's clients "caused" or "knew or had reason to know" of the improper filing) could result in five separate sanctions in the amount of $5000 each.

*See Richey v. W. Pac. Dev. Corp.*, 140 Ariz. 597, 601–02, 684 P.2d 169, 173–74 (App.1984) (awarding only one minimum sanction despite the fact the lis pendens was recorded by two plaintiffs, but the argument for two minimum sanctions was not made).

only one owner (Lebaron). In *Richey v. Western Pacific Development Corp.*, the court held that § 33–420 allows recovery only to "the owner or beneficial title holder" who appears on the title at the time the lis pendens was filed. 140 Ariz. 597, 601, 684 P.2d 169, 173 (App.1984). It is undisputed that Lebaron is the sole title owner in this matter. Thus, there is no statutory basis to multiply the available sanctions because Kaufman represented more than one person in asserting the groundless claim when those clients did not cause a groundless filing. We determine therefore that the sanction against Kaufman for $25,000 was incorrect and modify that sanction to $5000 plus prejudgment interest and $750 in attorneys' fees and costs.

### Conclusion

¶ 15 For the foregoing reasons, we affirm but modify the amount of the award as set forth above. In the exercise of our discretion, we deny Lebaron's request for fees on appeal.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and MAURICE PORTLEY, Judge.