NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DONALD HAWKINS and MAUREEN HAWKINS, husband and wife,
*Plaintiffs/Appellees*,

*v.*

FLORENCE J. BLAIR, *Defendant/Appellant*.

No. 1 CA-CV 15-0493
FILED 5-10-2016

Appeal from the Superior Court in Yavapai County
No. P1300CV201400004
The Honorable David L. Mackey, Judge

**AFFIRMED**

COUNSEL

The Vakula Law Firm, P.L.C., Prescott
By Alex B. Vakula
*Counsel for Plaintiffs/Appellees*

Florence J. Blair, Prescott
*Defendant/Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

**W I N T H R O P**, Judge:

**¶1**         Florence Blair appeals the trial court's judgment for Donald and Maureen Hawkins (the "Hawkinses") providing clear title to their real property and quashing Blair's recording against their property of an intermediate ruling in a separate action.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In 2009, the Hawkinses filed a complaint (the "underlying case") against Blair, seeking to quiet title and declare an easement for the benefit of their property over Blair's property.  In 2010, the trial court denied the Hawkinses' motion for partial summary judgment in a ruling (the "Ruling") that contained detailed factual findings.  The Hawkinses moved for relief[1] from the Ruling, disputing the court's conclusions that the Hawkinses had not established an implied easement across Blair's property for the benefit of their property, and objecting to certain factual findings. The Hawkinses argued the court erred in conducting an independent factual investigation without notifying the parties.  The trial court agreed with the Hawkinses and granted their motion (hereinafter the "Subsequent Ruling"), vacating factual findings #6 and #7 of the Ruling, which pertains to the Hawkinses' access to a public road.  While the underlying case was still ongoing, and three years after the original Ruling was entered, Blair

---

[1]     The Hawkinses moved under Arizona Rule of Civil Procedure ("Rule") 60 for relief from a judgment.  Seeking relief under Rule 60 from an intermediate minute entry was procedurally improper; this issue, however, was not raised or addressed in the underlying case.

recorded the Ruling with the County Recorder's Office, but did not include or otherwise reference the Subsequent Ruling.[2]

**¶3**        Approximately one month after Blair recorded the original Ruling, the Hawkinses advised Blair that, in light of the Subsequent Ruling, the recording of the original Ruling was invalid, groundless, and false; and requested that Blair remove the recording. Blair apparently ignored the request. The Hawkinses then filed the present special action complaint against Blair under Arizona Revised Statutes ("A.R.S.") § 33-420[3], alleging Blair had caused an invalid, groundless, and false recording of a document against their property, and seeking to quash the recording and establish clear title. The trial court found Blair knew or had reason to know that she had recorded a document that was false or invalid or contained a material misstatement that had the effect of encumbering the Hawkinses' property. The court further found that the recording was not otherwise authorized by law and, accordingly, was presumed invalid and groundless under § 33-420(D). The court granted the relief sought by the Hawkinses, and entered a final judgment to this effect. Blair timely appealed; we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

---

[2]        The underlying case continued for two more years, and ended in the Hawkinses' favor in 2015.

[3]        Absent material revisions since relevant dates, we cite a statute's current version.

## ANALYSIS[4]

**¶4**   The trial court's ruling focused on whether Blair's recording violated § 33-420(A) and that issue turns on the interpretation of § 33-420. We review the trial court's statutory interpretation and conclusions of law *de novo*, and its factual findings for abuse of discretion. *Home Builders Ass'n v. Maricopa*, 215 Ariz. 146, 149, ¶ 6, 158 P.3d 869, 872 (App. 2007); *see Lebaron Props., LLC v. Jeffrey S. Kaufman, Ltd.*, 223 Ariz. 227, 229, ¶ 6, 221 P.3d 1041, 1043 (App. 2009) (reviewing the trial court's statutory interpretation of § 33-420 *de novo*). We will affirm the entry of judgment if correct, even if the trial court's rationale for doing so was erroneous. *State v. Sheko*, 146 Ariz. 140, 142, 704 P.2d 270, 272 (App. 1985).

**¶5**   Section 33-420(A) imposes statutory liability against any person who caused recording of a document that asserts an interest in or creates an encumbrance or lien against real property, and knows or has reason to know that the document is groundless or forged, contains material misstatements, or is otherwise invalid. That statute provides:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the

---

[4]  On appeal, Blair's briefs, each of which is almost 300 pages in length, consist mostly of the record below, without any statement of facts or points of law. Such an appeal is completely noncompliant with ARCAP 13. *See* ARCAP 13 (requiring an appellant set forth at least statements of facts, issues for review, and arguments concerning each issue presented for review). A totally-deficient appeal should be dismissed. *Adams v. Valley Nat'l Bank*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984). Moreover, any issue not raised in the briefs is deemed waived. *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29, 11 P.3d 413, 418 (App. 2000) (stating issues not clearly presented in appellate briefs are deemed waived); *MT Builders L.L.C. v. Fisher Roofing Inc.*, 219 Ariz. 297, 304 n.7, ¶ 19, 197 P.3d 758, 765 n.7 (App. 2008) (finding an argument raised below but presented on appeal in a one-sentence footnote without any analysis is deemed waived). In our discretion, however, we decide the appeal based on the record before us.

sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney[s'] fees and costs of the action.

A.R.S. § 33-420(A).

**¶6**     The court found Blair had violated § 33-420(A) by having recorded a document that encumbered the Hawkinses' property, knowing or having reason to know the document contained a material misstatement. Blair contended below that the removal of the two factual findings by the Subsequent Ruling did not alter the effect of the original Ruling, as the two findings were related to access to a public road and not germane to the Hawkinses' access through Blair's property in the underlying case. We disagree.

**¶7**     For a misstatement to be material, "a reasonable person 'would attach importance to its existence or nonexistence in determining [his or her] choice of action in the transaction in question.'" *Sitton v. Deutsche Bank Nat'l Trust Co.*, 233 Ariz. 215, 221, ¶ 31, 311 P.3d 237, 243 (App. 2013) (alteration in original) (quoting *Caruthers v. Underhill*, 230 Ariz. 513, 521, ¶ 28, 287 P.3d 807, 815 (App. 2012)). Regardless of whether Blair believes the vacated findings are irrelevant, recording the Ruling without including the court's Subsequent Ruling altering the original Ruling is misleading to the public. In the Subsequent Ruling, the court expressly amended its earlier order. By only recording the original Ruling, Blair was using the public record to represent that the document was accurate, complete, and still enforceable under the terms delineated by the court in the ruling. Moreover, the now-vacated findings #6 and #7 regarding access to a public road may be relevant to the issue of implied easement in the Ruling; in fact, in the final judgment of the underlying case, the trial court reversed the Ruling and granted the Hawkinses implied easement, one of which was to use that public road. Further, the record demonstrates and the trial court found those misstatements were material as the Hawkinses had encountered difficulties in clearing title to, and in selling, their property due to the Ruling improperly recorded against it. On this record, we see no basis upon which to disagree with the trial court's factual findings in this regard. Blair was specifically advised that her action in recording an inaccurate and incomplete document was misleading and improper under the statute, but failed to remove or otherwise take corrective action relative to that improper recording. In short, the trial court did not err in granting

the relief requested, and in imposing the damages authorized under the statute.[5]

¶8        The Hawkinses request costs and attorneys' fees on appeal pursuant to A.R.S. §§ 33-420 and 12-1103(B)[6]. Their request is granted, subject to compliance with ARCAP 21.

**CONCLUSION**

¶9        The trial court's judgment is affirmed.[7]



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[5]      The trial court also found the recording of the Ruling was presumed groundless under § 33-420(D) because the Ruling was not a signed, final judgment, or otherwise authorized by statute, judgment, or other legal authority for recording. We need not review this finding because we hold the court correctly ruled based on its other findings.

[6]      Because § 33-420 allows us to award attorneys' fees, we need not determine whether § 12-1103(B) applies in resolving this issue.

[7]      During this appeal, the Hawkinses moved to strike a document entitled Corrections Requested that Blair had filed in response to this court's request that a certificate of service be attached with her reply brief or her motion to accept the reply brief. Their motion is denied as moot.