NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SAMANTHA BABICKY, *Plaintiff/Appellee*,

*v.*

COPPER STATE HOME BUILDERS, LLC, *Defendant/Appellant*.

No. 1 CA-CV 24-0807

FILED 07-24-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-053599
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Nearhood Law Offices PLC, Scottsdale
By Patricia A. Premeau
*Counsel for Plaintiff/Appellee*

Stone Canyon Law PLC, Tempe
By Ryan D. Bailey, Richard Noel
*Counsel for Defendant/Appellant*

―――――――――――――――――

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Angela K. Paton and Judge Anni Hill Foster joined.

―――――――――――――――――

**F U R U Y A**, Judge:

¶1        Copper State Home Builders, LLC ("Copper State") appeals the superior court's final judgment awarding Samantha Babicky damages under Arizona Revised Statute ("A.R.S.") § 33-420(A) for Copper State's wrongful recording of a lien. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On March 16, 2021, Babicky signed a contract authorizing Copper State to perform water mitigation services at her property.

¶3        On March 19, 2021, Copper State's agents mailed a preliminary twenty-day notice to Babicky, which is required by A.R.S. § 33-992.01 before a lien can be recorded. The notice stated an estimated total price of $3,000 for labor, services, equipment, or material. Copper State completed work on Babicky's property by November 2021. A payment dispute arose.

¶4        To be valid, mechanics' and materialmen's liens must be recorded within 120 days of completion of work. A.R.S. § 33-993(A). On June 23, 2022―more than 120 days after completion of work―Copper State recorded a mechanics' and materialmen's lien for $5,980.10 against Babicky's property. After Babicky demanded that it do so, Copper State recorded a release of the lien on August 15, 2023.

¶5        Babicky sued Copper State for its wrongful recording of the lien and sought damages under A.R.S. § 33-420. Copper State admitted it waited more than 120 days after completing its work to record a lien against Babicky's property. But Copper State moved to dismiss, arguing Babicky lacked standing to sue because she had not alleged a distinct and palpable injury. The superior court denied the motion, finding that proof of actual damages is not necessary under A.R.S. § 33-420(A) to impose statutory damages.

**¶6** The superior court granted Babicky summary judgment for Copper State's wrongful recording of a lien against her property. Although the parties had again argued whether Babicky had standing to sue, the court's ruling did not address the standing issue, and thus impliedly found standing. *See Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992). The court entered final judgment and awarded Babicky $5,000 in statutory damages and $20,000 in attorneys' fees pursuant to A.R.S. § 33-420(A).

**¶7** We have jurisdiction over Copper State's timely appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8** We review all the superior court's rulings challenged in this appeal de novo. *Cf. Coleman v. City of Mesa*, 230 Ariz. 352, 355–56 ¶¶ 7–8 (2012) (motion to dismiss); *Glazer v. State*, 237 Ariz. 160, 167 ¶ 29 (2015) (summary judgment); *Lebaron Props., LLC v. Jeffrey S. Kaufman, Ltd.*, 223 Ariz. 227, 229 ¶ 6 (App. 2009) (interpretation of A.R.S. § 33-420(A)); *Mills v. Ariz. Bd. of Tech. Reg.*, 253 Ariz. 415, 420 ¶ 10 (2022) (standing). We view the facts in the light most favorable to Copper State. *See Andrews v. Blake,* 205 Ariz. 236, 240 ¶ 12 (2003).

## I.     Standing

**¶9** Copper State argues Babicky lacked standing to bring an action under A.R.S. § 33-420 because she did not allege a "distinct and palpable injury," which it argues is necessary under Arizona law to maintain her lawsuit. *Stauffer v. U.S. Bank Nat. Ass'n*, 233 Ariz. 22, 28 ¶ 25 (App. 2013) (quoting *Sears v. Hull*, 192 Ariz. 65, 69 ¶ 16 (1998)).

**¶10** In interpreting the standing requirements to state a claim under A.R.S. § 33-420, we start with its text. *State v. Serrato*, No. CR-24-0264-PR, ___ Ariz. ___, ___ ¶ 9, 2025 WL 1387711, at *2 ¶ 9 (Ariz. May 14, 2025). "If a statute's text is clear and unambiguous, it controls unless it results in an absurdity or a constitutional violation." *Id.*; *see also Stauffer,* 233 Ariz. at 27 ¶ 21.

**¶11** Section 33-420 states, in relevant part:

> **A.** A person purporting to claim . . . a lien or encumbrance against[] real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is

3

forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

**B.** The owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions. This special action may be brought based on the ground that the lien is forged, groundless, contains a material misstatement or false claim or is otherwise invalid. The owner or beneficial title holder may bring a separate special action to clear title to the real property or join such action with an action for damages as described in this section. In either case, the owner or beneficial title holder may recover reasonable attorney fees and costs of the action if he prevails.

¶12 The statute's text specifies the liability for damages incurred by individuals for improper recording of a lien against property, A.R.S. § 33-420(A), as well as acknowledging and authorizing causes of action by those aggrieved by such improper recording to both clear title and simultaneously claim damages, A.R.S. § 33-420(B), (C). *See also State v. Mabery Ranch, Co., L.L.C.*, 216 Ariz. 233, 249 ¶ 74 (App. 2007) (acknowledging the distinction between causes of action for damages under A.R.S. § 33-420(A) and causes of action to clear one's title under A.R.S. § 33-420(B) and (C)).

¶13 Our case law confirms that an owner holding legal title to a property generally has standing to sue under A.R.S. § 33-420(A) when a wrongful document is recorded against it. *See Hatch Cos. Contracting, Inc. v. Ariz. Bank*, 170 Ariz. 553, 555–56 (App. 1991) (holding that a beneficiary of a deed of trust had standing to sue for minimum statutory damages after a groundless lis pendens had been recorded); *In re Estate of Olson*, 223 Ariz. 441, 446 ¶ 23 and n.8 (App. 2010) (explaining that an owner or beneficial title holder of real property has standing to sue when a wrongful document, such as an invalid lien, is recorded against it); *see also Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 218–19 ¶¶ 15–17 (App. 2013) (concluding the property owner had standing to assert a claim under A.R.S. § 33-420(A),

which by its terms authorize the owner of a real property to bring an action).

¶14 Here, Copper State contends Babicky merely alleged the wrongful recording of a lien and then prayed for statutory damages and attorneys' fees under the statute. Copper State asserts Babicky did not identify an injury—such as interference with rights to sell, refinance, transfer, or market the property—until she filed her response to its motion to dismiss. Though it concedes a plaintiff need not show actual damages to assert a claim under A.R.S. § 33-420, Copper State argues plaintiffs must still allege a distinct and palpable injury to establish standing to recover the minimum statutory damages. We disagree.

¶15 Unlike in an equity action—where a showing of actual damages is required before punitive damages may be awarded, *see Wyatt v. Wehmueller*, 167 Ariz. 281, 285–86 (1991)—the statute text at issue here expressly provides a claimant in a statutory action per A.R.S. § 33-420(A) may seek minimum damages for a per se statutory violation. *See also Richey v. W. Pac. Dev. Corp.*, 140 Ariz. 597, 602 (App. 1984). Said differently, A.R.S. § 33-420(A) prescribes liability for a penalty of "not less than five thousand dollars" for wrongfully recording an encumbrance to title. *See Sitton*, 233 Ariz. at 219 ¶ 19 (concluding that A.R.S. § 33-420(A) establishes a penalty liability). The statute also provides for treble damages if they exceed this statutory minimum. A.R.S. § 33-420(A). As a penalty, liability for the minimum statutory damages applies "even when the plaintiff has suffered no actual damages." *Sitton*, 233 Ariz. at 219 ¶ 19. Per the statute text, it is the act of wrongfully recording an encumbrance that causes injury to the title holder. Thus, the owner of a property who alleges the recording of an invalid lien does allege a distinct and palpable injury and has standing to bring a claim for damages under A.R.S. § 33-420(A). *See Stauffer*, 233 Ariz. at 28, ¶ 25; *see also In re MERS*, 754 F.3d 772, 782–83 (9th Cir. 2014) (interpreting Arizona law and concluding homeowners had standing to sue and suffered a particularized injury when false documents were recorded against their properties). This is because the wrongful recording of a lien is a distinct and palpable injury because the "recording of false or fraudulent documents that assert an interest in a property may cloud the property's title." *See Stauffer*, 233 Ariz. at 28 ¶ 25. A mechanics' and materialmen's lien recorded against real property clouds title, which "may make it difficult to alienate the property," and "impinge[s] upon economic interests of the property owner." *See Spielman-Fond, Inc. v. Hanson's, Inc.*, 379 F.Supp. 997, 999 (D. Ariz. 1973), *aff'd*, 417 U.S. 901 (1974).

¶16 Here, it is undisputed that Babicky is the owner of the property. She alleged that Copper State recorded an invalid lien against her property and sought statutory damages under A.R.S. § 33-420(A). Babicky thus alleged a distinct and palpable injury and had standing to sue. *Stauffer*, 233 Ariz. at 28 ¶ 25.

## II. Mootness

¶17 Copper State argues the complaint was moot and lacked an actual justiciable controversy because Copper State had already released the lien by the time Babicky filed her lawsuit.

¶18 As noted, A.R.S. § 33-420 provides a cause of action for damages in subsection (A) for the wrongful recording of a lien against real property and separately provides a cause of action for the failure to release a lien in subsection (C). These are distinct causes of action. *Mabery Ranch, Co., L.L.C.*, 216 Ariz. at 249 ¶ 74. Release of a wrongfully recorded lien may avoid a cause of action under subsection (C), but it does not eviscerate a cause of action under subsection (A). *Richey*, 140 Ariz. at 601–02. The complaint was not moot.

## III. Legislative Purpose

¶19 Copper State argues the legislative purpose of A.R.S. § 33-420 is not served by awarding Babicky statutory damages because the lawsuit did not protect her interest in her title when the lien had already been released. This argument merely recasts Copper State's mootness argument.

¶20 "The purpose of § 33-420 is to protect property owners from actions clouding title to their property." *See Wyatt*, 167 Ariz. at 286. The wrongful recording of a lien clouds title to property. *Stauffer*, 233 Ariz. at 28 ¶ 25; *Spielman-Fond*, 379 F.Supp. at 999. The release of a lien does not eliminate a claim for damages under A.R.S. § 33-420(A). *See Sitton*, 233 Ariz. at 218 ¶ 14 (addressing the wrongful recording of false assignments and notices).

## IV. Attorneys' Fees on Appeal

¶21 We grant Babicky's request for attorneys' fees on appeal under A.R.S. § 33-420(A). *See Richey*, 140 Ariz. at 601–02 (affirming award of attorneys' fees under A.R.S. § 33-420(A) and awarding attorneys' fees on appeal for a simple statutory violation even though opponent withdrew a groundless lis pendens).

## CONCLUSION

**¶22**        For the foregoing reasons, we affirm the superior court's ruling. We award costs and reasonable attorneys' fees to Babicky upon compliance with Arizona Rule of Civil Appellate Procedure 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR